**HALSEY v. HELVERING, Commissioner of Internal Revenue.**

No. 6151.

United States Court of Appeals for the District of Columbia.

Argued Nov. 6, 1934.

Decided Dec. 31, 1934.

Fred Van Dolsen, of Washington, D. C., for petitioner.

. Sewall Key, E. Barrett Prettyman, and Helen R. Carloss, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The petitioner brings here for review a decision of the Board of Tax Appeals sustaining the Commissioner of Internal Revenue in a finding of deficiency of income taxes for the four years 1927 to 1930, inclusive.

During the first three years of that period Mr. Halsey was township engineer of both Maplewood and Millburn in Essex county, N. J., while in 1930 he was engineer of Maplewood township alone.

The question presented is whether as such officer his income from the office is subject to federal income tax, or is exempt therefrom because the township is a political subdivision of a sovereign state.

. The petitioner is a civil engineer with offices in Newark, N. J., and the controversy concerns $54,652 paid to him during the period in question as compensation for services to the two townships, by way of commissions on contracts during his administration. In addition, he received $1,400 by way of retainer from the townships, which is not involved in this litigation, and also considerable income from the private practice of his profession, with which we have no concern.

The New Jersey statute, under which the moneys in question were earned and paid, authorizes the township committees to appoint township attorneys and engineers, who need not be resident in the township, and to fix the compensation of such engineers, who are required to take and file a prescribed oath before assuming office. Compiled Statutes of New Jersey, vol. 4, General Act

Concerning Townships, pp. 5567, 5571, 5572, 5585 (sections 5, 7, 32).

Pursuant to this authority Mr. Halsey was appointed, qualified by oath, and took office; his compensation being fixed by ordinance at a retainer of $200 per annum from each township, with 5 per centum of the amount of all contracts for public improvements awarded by the townships during his administration. Under this arrangement Mr. Halsey received the moneys in question, in addition to the retainers, and, while it is true that his compensation was dependent upon specific contracts, they were not contracts between the township and himself, but merely the basis of the arithmetic between them. And this method of payment was presumably employed in order that the township engineer might be properly compensated for much work during busy years, while not overpaid in years less busy. The arrangement had continued for many years, and during the term of each annual appointment the services of the petitioner as township engineer were both permanent and continuous.

This case is controlled in principle by Helvering v. Powers, 293 U. S. 214, 55 S. Ct. 171, 79 L. Ed. ——, decided by the Supreme Court on December 3, 1934, where it was held that the compensation of the trustees of the Boston Elevated Railway Company is subject to federal income tax, though such trustees are public officers of Massachusetts engaged in an authorized operation undertaken by the state for the general welfare. But since that operation consists of conducting a street railway, it is not essentially a governmental function, but such a departure therefrom as leaves the compensation of state officials engaged therein liable to federal taxation. So that railroading in Massachusetts, like liquor selling in South Carolina and Ohio, is not a governmental function, though carried on by government officials. South Carolina v. U. S., 199 U. S.

437, 26 S. Ct. 110, 59 L. Ed. 261, 4 Ann. Cas. 737; Murray v. Wilson Distilling Co., 213 U. S. 151, 29 S. Ct. 458, 53 L. Ed. 742; Ohio v. Helvering, 292 U. S. 360, 54 S. Ct. 725, 78 L. Ed. 1307. And while the state may widen the scope of its own activity, it cannot narrow the field of federal taxation, for the test of taxability lies in the nature of the work, and not the official character of the worker, or the manner of his payment. If the operation is essentially a governmental function, the compensation of an officer engaged in its performance is exempt from federal taxation; but, if it be something else, though properly within the public policy of the state, and undertaken in the public interest, the compensation paid by the state to those engaged in the work remains subject to the federal tax.

In applying this test to this case, the stipulation of facts shows that the official duty of the taxpayer as township engineer was to advise the town government in all engineering matters, specifically including the construction, maintenance, and alteration of streets and ways, sewers, waterworks, and lighting systems; to prepare plans and specifications for such works; to advertise for bids; and to maintain custody of the plans, maps, and documents thereof, keeping them up to date by appropriate entries or new papers showing changes and alterations.

We are of opinion that such work is essentially a governmental function, and the compensation paid by the township to its officers engaged therein is properly exempt from federal taxation. Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384; Helvering v. Powers, supra; Metcalf et al. v. Mitchell (D. C.) 299 F. 812.

The decision of the Board of Tax Appeals is therefore reversed, and the cause remanded, with instructions to enter a decision for the petitioner.