### PEASE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6949.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1936.

B. B. Wickham, of Cleveland, Ohio (Charles D. Hamel, John Enrietto and Hamel, Park & Saunders, all of Washington, D. C., on the brief), for petitioner.

Harry Marselli, of Washington, D. C. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The petitioner, a civil engineer, was president and principal stockholder of the Pease Engineering Company of Cleveland, Ohio. In the taxing years of 1924 to 1930, inclusive, he supervised the construction, improvements, and repairs of streets, alleys, bridges, sidewalks, and sewer drains in eight villages and one city in Ohio, for which he was paid for his services to the villages fees equal to an agreed percentage of the cost of their improvements. The city, Cleveland Heights, paid a fixed salary. In each of the years he was paid a salary as president of the Pease Engineering Company and was free to practice his profession. The Commissioner of Internal Revenue assessed a tax against his income received from the municipalities after allowing deductions therefrom for laboratory, office, and overhead expenses and for salaries and wages paid to assistants and employees. The Board of Tax Appeals sustained the Commissioner.

The petitioner contends that he was an officer of each of the municipalities engaged in carrying out essential functions of government, and that the fees and salary received by him for his services were immune from taxation. Collector v. Day, 11 Wall. 113, 20 L.Ed. 122. He relies on Wright v. Clark, 119 Ohio St. 462, 164 N.E. 512, as fixing his status. That was a suit by a taxpayer on behalf of the village of Bedford, Ohio, to recover money paid to Wright for supplies furnished for public works while he was acting as engineer for the village. The suit was brought under section 3808 of the General Code of Ohio, which provided that no of-

ficer of the corporation should have any interest in the expenditure of money on the part of the corporation other than his fixed compensation, and that any violation of the provision by an officer should render him liable for all sums of money received contrary thereto. Wright was appointed engineer of the village by the council for two years, and was to be paid for his services on a commission basis. The court held that he was liable as an officer within the meaning of the statute.

While the federal courts are bound by a state statute as construed by the highest court of the state with reference to a rule of property in the state or a question of state law, it has never been held that they must adopt a state definition of terms in applying federal taxing acts. They may accept such definitions in the absence of a definition in the federal act (Wurlitzer Co. v. Helvering, Commissioner, 81 F.(2d) 928 (6 C.C.A.); but there is no rule of law or construction that requires them to do so. They are free, in such cases, to adopt the definition and make it their own or to give a different one. Besides, in this case the claim of the petitioner is not based on a term used in a federal statute, but rests on a right claimed under the Federal Constitution. The existence of the right cannot be determined by a state enactment or the interpretation of a state statute by the highest court of a state. The theory on which it is sometimes held that a salary received from a municipality is immune from taxation by the federal government is that the person receiving the salary is an instrument or means used by the municipality to perform its governmental functions, and that a tax on his salary would be a burden on the activities of the municipality. Whether there is a resulting burden from the imposition of the tax depends not upon the title given the person, but upon the expenditures made by the municipality as they relate to and affect its normal governmental functions. Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291. We think the petitioner's earnings cannot be said to be a part of the normal functions of municipal government.

Nor was the petitioner an official representative of the municipalities. There was, it is true, an office of engineer in each of the villages for which he performed services, but that fact, with the

denominating of him by the public as village engineer, does not affect the question. He was obviously not a resident of, or an elector in, each of the municipalities. Ordinarily an officer of a state or municipality is a resident of the state or municipality, a participant as elector and citizen in its affairs. Ordinarily, too, he takes an oath of office and has a tenure and duration of office with compensation fixed by statute. In Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384, the court enumerated certain indicia of official position, among them, tenure, duration, emolument, duties, and compensation fixed by law. Here the petitioner's employment in some instances was for brief periods, in others from year to year, and others for the duration of a particular work undertaken. He was paid on a commission basis according to agreement negotiated with the city council or with the city manager, and employed his assistants and helpers and paid them out of his own earnings. He was engaged in practicing his profession of engineering and was employed by each of the municipalities as he might or could have been employed by any other client. In our opinion he was an independent contractor, and the income which he received from his employment was taxable.

The order of the Board of Tax Appeals is affirmed.