**WILKINS v. MOORE, Collector of Internal Revenue.**

No. 18357.

District Court, N. D. Ohio, E. D.

Jan. 6, 1938.

C. H. Anderson (of Wilkins & Anderson), of Warren, Ohio, for plaintiff.

E. B. Freed, U. S. Dist. Atty., of Cleveland, Ohio, James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Maurice J. Mahoney, Sp. Assts. to Atty Gen., for defendant.

JONES, District Judge.

The suit is one to recover $2,206.02, with interest, alleged to have been erroneously collected and paid as Federal income taxes for the calendar years 1929 to 1932, inclusive. The deceased taxpayer was employed under written agreement with The Mahoning Valley Sanitary District, as attorney for the District, to perform such legal services as might from time to time be required by the Board of Directors of the District. Under the agreement, he was paid $250 per month as a retainer covering such advice and legal assistance as the Board of Directors of the District, and its employees, might from time to time require, pertaining to the work; and, in addition to the retainer, was to receive compensation for legal services, including writing opinions, examination of abstracts and titles, drawing of contracts and agreements, and conducting appropriation and condemnation proceedings, representing the District in any lawsuits brought by or against it, such services to be paid for at the usual legal rate paid for like services in the City of Youngstown, Ohio. There

was no material dispute on the facts, which were largely stipulated. Save for the affidavit of W. H. Dittoe and photostatic copy of the agreement, there was no other evidence tendered.

The questions upon which decision turns are: Whether the deceased taxpayer was an officer or employee of a political subdivision of the State of Ohio; and, whether such political subdivision was engaged in the performance of an essential governmental function. If the answer to these questions is in the affirmative, the compensation paid to the plaintiff's decedent by the Sanitary District was exempt from Federal income tax.

Answering the second of the two questions stated above, I think protection of the health of its citizens is an essential governmental function of a State and its political subdivisions. That the State chooses to accomplish that function through a statutory agency does not deprive the function of its governmental character.

Answering the question first above mentioned, Section 6602-44, General Code of Ohio, provides for the employment of an attorney and authorizes the Board to contract for such services and to specify compensation to be paid. In this case, it is true that the attorney's duties were not defined by statute, but the Board had the delegated authority to specify them, and did so in the agreement. True, the decedent taxpayer was not required to give bond, but many officers and employees are not required to give bond, especially where no public moneys are handled. It is in evidence that, under the direction and control of the Board of Directors of the District, the taxpayer gave almost his entire time to the duties of attorney for the District. He was employed as attorney to perform such legal services as the Board required, for a retainer of $250 per month, and additional compensation was to be paid for required services at the rate of compensation prevailing in Youngstown, Ohio, for like services. He was at the call of the Board for the performance of the specific character of legal work provided in the agreement.

If he was not an officer within the judicial interpretation of the word, he was a regular employee of a political subdivision of the State of Ohio, employed by statutory authority and controlled by a statutory agency of the State engaged in the exercise of a governmental function. By authorized and mandatory agreement, the taxpayer was hired for the specific purpose of writing opinions, examining abstracts and titles, drawing contracts and agreements, conducting appropriation and condemnation proceedings, and representing the District in any lawsuits brought by or against the District,—all as required and directed by the Board of the District. He had no independent choice as to what he should do. No authority was given him in the contract to acquire necessary land by purchase, or to settle lawsuits or damage claims, although it is true that the Board probably relied upon his skill and ability properly and wisely to handle the legal matters specified in the agreement. Every officer or employee is presumed to exercise his individual skill in the performance of prescribed duties.

I think it is indulging in no inference, but relying upon established facts, to hold in this case that the compensation paid to the plaintiff's decedent was exempt from Federal income tax.

Motion of the defendant for judgment will be denied; judgment upon findings and conclusions for the plaintiff may be entered; to all of which exceptions to the defendant may be noted.