766

E. J. Wells, of Louisville, Ky., for plaintiff.

James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and James P. Garland, Sp. Assts. to Atty. Gen., and Bunk Gardner, U. S. Atty., and Eli H. Brown, III, Asst. U. S. Atty., both of Louisville, Ky., for defendant.

David R. Castleman, of Louisville, Ky., amicus curiae.

HAMILTON, District Judge.

The plaintiff in this action seeks to recover income taxes assessed on his salary as a member of the Louisville Bridge Commission, and paid under protest.

On February 25, 1928, the Congress of the United States authorized the city of Louisville, a municipal corporation under the laws of Kentucky, to construct a bridge

**BOOMER v. GLENN, Collector of Internal Revenue,**
No. 1939.

District Court, W. D. Kentucky, at Louisville.
Jan. 14, 1938.

across the Ohio river. The General Assembly of the Commonwealth passed an act, Carroll's Kentucky Statutes, 1936 Edition, §§ 3037L-1 to 3037L-14, empowering the municipality to construct this bridge, and in the act provided for the appointment of a commission by the mayor of the city of Louisville, subject to the approval of the board of aldermen, to construct, supervise, and operate it.

The parts of the act pertinent to decision here are as follows:

"*Bridge commission.*—That the mayor of any city of the first class, with the approval of the legislative body of the city may appoint four persons, who * * * shall constitute a bridge commission. * * * No officer or employe of said city * * * shall be eligible to hold an appointment on said commission. * * * The members of the commission * * * shall receive such compensation as may be fixed by the legislative body of the city, * * * but the maximum compensation of the chairman in any year shall not exceed $2,500.00. * * * All salaries and compensation shall be paid solely from funds provided under the authority of this act." Ky.St.1936, § 3037L-2.

"*Revenue bonds.*—Nothing in this act contained shall be so construed as to authorize or permit any city to incur any indebtedness of any kind or nature as contemplated by the provisions of the Constitution of the Commonwealth in relation to the indebtedness of cities. Cities of the first class are hereby authorized to provide funds for the purpose of this act by the issuance of revenue bonds of such cities * * * the principal and interest of which bonds shall be payable solely from the special funds herein provided for such payment." Ky.St.1936, § 3037L-9.

"*Tolls.*—The rates of tolls to be charged for the use of any bridge constructed under the provisions of this act shall be fixed and adjusted * * * as to provide a fund sufficient to pay the interest and principal of bonds issued under this act, and to provide an additional fund to pay the cost of maintaining, repairing and operating such bridge. Such tolls, except such part thereof as may be necessary to pay such cost of maintaining, repairing and operating * * * shall be placed in a special fund which is hereby pledged to and charged with the payment of such bonds and the interest thereon." Ky.St.1936, § 3037L-10.

The plaintiff received a salary of $2,500 per annum as a member and chairman of the commission. The capital to construct the bridge was obtained from the sale of bonds by the city of Louisville, their payment secured by lien on the bridge and the tolls arising from its use. The tolls and other income realized from the bridge were paid into the city treasury, and the salary of the plaintiff was paid by the city out of this income. The expenses of operation and retirement of the bonds were not a general charge against the city, but payable only from bridge income.

The plaintiff contends he was an officer of the city of Louisville, engaged in carrying on one of its essential functions, and the salary received by him was constitutionally exempt from federal taxation. Collector v. Day, 11 Wall. 113, 129, 20 L.Ed. 122.

The exemption of state or local officers from taxation under the Federal Constitution is limited to those engaged in a strictly governmental function and does not extend to that part of municipal business which is in the nature of a private enterprise. The compensation of such officers, whether paid out of the returns from the business, or the general tax levy, can have no exemption from the federal taxing power superior to the enterprise in which the compensated service is rendered. Helvering v. Powers, 293 U.S. 214, 227, 55 S.Ct. 171, 174, 79 L.Ed. 291.

The decisions of the state courts as to what is a necessary governmental function of a municipality are not binding on the federal courts. Pease v. Commissioner, 6 Cir., 83 F.2d 122.

The question here for decision turns solely on whether the operation of a bridge by a municipality is a necessary governmental function.

The construction and maintenance of highways and bridges as a governmental function is one of the most ancient known to the law, having had its beginning prior to the civil or common law. The Romans celebrated every victory by building a highway or bridge. Under the common law, every parish was bound of common right to keep the high roads in it in good and sufficient repair, and no class of men of whatever rank or dignity was exempt from work in the construction and repair of ways and bridges. All of the inhabitants and occu-

.piers of lands, tenements, and hereditaments within the parish were required six days out of every year to labor in bringing materials or repairing the highways, and every cartway leading to any market town was by the labor of its inhabitants to be made at least twenty feet wide, if the fences permitted. In case the labor of the inhabitants was not sufficient to maintain the roads and bridges, the surveyors, with the consent of the quarter sessions, were authorized to levy a tax on the property in the parish for the maintenance of highways and bridges. Cooley's Blackstone, Fourth Edition, Book I, 304.

The obligation fixed by the English law became firmly entrenched in that of the Colonies and found its way into the statutory laws of every one of the States. No city could discharge its governmental obligations to its inhabitants without streets, and no state or county without highways. If the governmental obligation to provide roads and passways ended at the water's edge, many communities and states would be deprived of one of the essential functions of government. Bridges are an integral part of highways and roads, and, when it is once determined that the construction and maintenance of highways and streets is a governmental function, the construction and maintenance of bridges, a fortiori, is a like function.

■ Construction and repair of highways and streets for public travel are among the usual purposes of the creation of municipal corporations, and the expense of such functions is one of the ordinary burdens of local governments. Rogers v. Burlington, 3 Wall. 654, 672, 18 L.Ed. 79.

■ The contention of the defendant in this case that the burden cast on the municipality, and through it to the state, is negligible in character, is without weight. While the tax on the plaintiff's salary is small, and paid out of tolls from the bridge, nevertheless it does fall on a necessary function of state government, and this is the test of constitutional exemption. When the exemption once attaches, it applies even to an infinitesimal amount. This case falls clearly within Brush v. Commissioner, 300 U.S. 352, 378, 57 S.Ct. 495, 503, 81 L.Ed. 691, 108 A.L.R. 1428.

Judgment will be for the plaintiff. Counsel will prepare findings of fact and conclusions of law conformable to this opinion.