## EWART v. COMMISSIONER OF INTER-
## NAL REVENUE.
### No. 6657.

Circuit Court of Appeals, Third Circuit.
July 22, 1938.

John L. McMaster, of New York City (Howard Ewart, of Toms River, N. J., of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

The petitioner is a duly licensed attorney and counsellor at law who practices his profession in Toms River, New Jersey. In the year 1932, and for a number of years prior thereto, he rendered services as an attorney at law to two Townships and eight Boroughs, municipalities located in Ocean County, New Jersey. In the year 1932 he received by way of retainers from these clients the sum of $750 and by way of fees from them the sum of $4,223.26, payments totalling $4,973.26. The Commissioner added this sum to the petitioner's taxable income for the year 1932 and assessed the sum of $1,475.33 against him as an additional tax. The petitioner sought a revision of the Commissioner's ruling before the Board of Tax Appeals. That tribunal sustained the position of the Commissioner and the taxpayer has brought the matter to us for review.

The Commissioner contends that sums of compensation paid by a state or a political subdivision of a state to an individual for services, even though rendered in aid of governmental or municipal functions, are not exempt from Federal income tax if the status of the taxpayer is that of an independent contractor rather than an officer or employee of the political subdivision. In our opinion there is no doubt that such is the law. Helvering v. Therrell, 303 U.S. 218, 58 S.Ct. 539, 82 L.Ed. 758; Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Lucas v. Reed, 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1125; Lucas v. Howard, 280 U.S. 526, 50 S.Ct. 87, 74 L.Ed. 593; Helvering v. Curren, 2 Cir., 90 F.2d 621; Commissioner v. De Leuw, 7 Cir., 95 F.2d 647.

The Board of Tax Appeals determined that the petitioner was neither an officer nor an employee of the municipalities, but was in fact an independent contractor in his relation to them. The question presented was one of mixed law and fact, and therefore we may reverse or modify the finding of the Board if, in our opinion, it is erroneous. This, the peti-

650

tioner seeks to have us do. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 736, 79 L.Ed. 1343; Bishoff v. Commissioner, 3 Cir., 27 F.2d 91, 92; Washburn v. Commissioner, 8 Cir., 51 F.2d 949, 951; Tex-Penn Oil Co. v. Commissioner, 3 Cir., 83 F.2d 518, affirmed, Helvering v. Tex-Penn Oil Co., 300 U.S. 481, 57 S.Ct. 569, 81 L.Ed. 755. The evidentiary facts set up in the findings of fact of the Board may be summed up briefly as follows:

The petitioner's employment by the respective municipalities was pursuant to two Acts of the General Assembly of New Jersey.[1] These statutes authorize the appointment of a township or borough attorney by the township or borough council. An oath of office was prescribed by statute for officers and employees of the municipalities. The petitioner did not take the oath and contends that it was not the practice for municipal attorneys to do so.

Prior to the petitioner's appointments as municipal attorney there were agreements in regard to fees between himself and the municipalities of a kind which a practicing attorney frequently makes with clients. Retainers received by the petitioner were deemed to be payment for routine matters, office conferences and general advice. The fees, as distinguished from the retainers, were deemed to be compensation to the petitioner for his attendance at meetings of the municipal councils, his preparation of specific contracts, his drafting of ordinances, resolutions and notes, his services rendered in connection with bond issues, his conduct of litigation for the municipalities, including the trials of tax appeals. The petitioner in earning these fees took charge of foreclosure sales, drafted assessments, prepared tax sale lists for the municipalities. He performed generally such services as an attorney performs for a client. The fees paid to him were paid upon the basis of time consumed by him in the work and the nature of the work done.

The petitioner maintained his own private law offices and continued with his private practice. His work for the muni-cipalities consumed about twenty per centum of his time, the rest of his working hours he devoted to his private practice. He was answerable to the municipalities for the proper performance of his duties on their behalf, precisely as any attorney is answerable to his client, but he was not subject to any direction or control in the performance of his duties other than that which would ordinarily exist between client and attorney. Furthermore his duties were undefined by the statutes creating the offices which he held.

 To such a state of facts the Board properly applied the law as set forth by the Supreme Court in Metcalf & Eddy v. Mitchell, supra, holding the petitioner to be neither an officer nor an employee of the municipalities but an independent contractor. We concur in this conclusion.

The decision of the Board of Tax Appeals is in all respects affirmed.

[1] "A General Act relating to Boroughs" revision of 1897, as amended; Compiled Statutes of New Jersey, Volume 1, pp. 229, 231, §§ 3 and 8 (R.S. 1937, 40:46–19), Cum.Supp.(1911–1924) to Compiled Statutes of New Jersey, Volume 1, p. 168, § 24—3, (R.S.1937, 40: 87–15), and an Act of the General Assembly of New Jersey providing a commission form of government for boroughs (Cum.Supp.(1911–1924) to Compiled Statutes of New Jersey, Volume 2, p. 2461, § **136—8, Cum.Supp.(1925–1930) to Compiled Statutes of New Jersey, p. 1270, § **136—8 (R.S.1937, 40:72–7).

