**COMMISSIONER OF INTERNAL REVENUE v. EMERSON ***

**No. 6638.**

Circuit Court of Appeals, Third Circuit.

July 22, 1938

*Writ of certiorari denied 59 S.Ct. 146, 83 L.Ed. —.

James W. Morris, Asst. Atty. Gen., and Berryman Green and Sewall Key, Sp. Assts. to the Atty. Gen., for petitioner.

Sigurd A. Emerson, of Elizabeth, N. J., for respondent.

Before DAVIS and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

The case at bar is governed by the principles enunciated in the opinion of this Court in the case of Howard Ewart v. Commissioner, 98 F.2d 649. Though the decision of the Board of Tax Appeals in the case at bar is precisely contrary to its decision in the cited case, the evidentiary facts in the case at bar from which the Board of Tax Appeals reached its conclusions are substantially similar to the facts in Ewart v. Commissioner, supra.

The question presented to the Board for its determination in the case at bar was whether or not the sums received by the respondent by way of retainer and fees as Township Attorney for the Township of Hillside, a municipal corporation of New Jersey, were or were not taxable as income to him. As stated in Ewart v. Commissioner, supra, this question is a mixed question of law and fact. If the respondent was an officer or employee of the municipality the sums received by him are not taxable. If he was an independent contractor, his retainer and fees are taxble.

In our opinion the respondent must be held to be an independent contractor and the Board was in error in not reaching that conclusion. The doctrine enunciated by the Supreme Court in Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384, is applicable. See, also, Helvering v. Therrell, 303 U.S. 218, 58 S.Ct. 539, 82 L.Ed. 758. Halsey v. Helvering, 64 App. D.C. 103, 75 F.2d 234, cited by the Board, does not govern the case at bar.

So holding, we remand the cause to the Board of Tax Appeals with instructions to redetermine the tax deficiencies of the respondent for the taxable years in question in accordance with the principles stated in this opinion and in Ewart v. Commissioner, supra.