## COATES v. UNITED STATES.

### No. 254.

Circuit Court of Appeals, Second Circuit.

May 6, 1940.

Ewing Everett, Malcolm Johnson, and Miller & Chevalier, all of New York City, for appellant.

Samuel O. Clark, Assistant Attorney General, and Sewall Key and Edward H. Hammond, Sp. Assts. to Atty. Gen., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The plaintiff in 1931 and 1932 was attorney for a number of villages in the State of New York and received compensation for his services. He reported such compensation in his income tax return for 1931 and paid tax accordingly. For 1932 he also reported such compensation, but after paying the first two installments of tax on the basis called for in the return he made up his mind that compensation as attorney for the villages was not taxable income. The two installments paid on account of the 1932 tax being in excess of the entire tax due for that year if the income received from the villages were eliminated, he withheld pay-

ment of the remaining installments and filed an amended return and claim for refund as to each year. The claims were rejected, and the plaintiff brought action under the Tucker Act, 28 U.S.C. § 41(20), 28 U.S.C.A. § 41(20), for recovery of the alleged overpayments. The collector later demanded the two remaining installments of the 1932 tax. The plaintiff paid them, filed another claim for refund, which was rejected, and set forth these further facts in a supplemental complaint. The case was tried on agreed facts. The district court dismissed the case on the merits.

The plaintiff is a lawyer in active practice. In 1931 he was attorney for seven villages, in 1932 for the same seven and two more. He was appointed by resolutions of the village boards, the resolutions in most cases fixing his compensation at so much a year exclusive of services in litigation. His duties as village attorney were not defined by statute or ordinance, although appointment of a village attorney was authorized by state law. The services covered a wide range of activities and altogether took about nine-tenths of his working time. His appointments as village attorney did not preclude him from general practice. He maintained a private law office and employed a secretary at his own expense. None of the villages provided office space. He took no oath of office.

The defendant urges that the district court did not have jurisdiction of the suit because the plaintiff, it is said, had not paid the entire tax for 1932 when he brought suit. The point did not impress the district judge and does not impress us. The contention that only a part of the 1932 tax had been paid when the action was brought involves the merits, not the jurisdiction. If the plaintiff's view as to the compensation received from the villages was sound, he had paid the entire tax and more when he started his action. It is pressing technicality beyond all bounds to say that a taxpayer who has made a return on an excessive basis and has paid installments which are more than the correct amount of tax before discovering his error, must pay the remaining installments indicated by the incorrect return on pain of losing his remedy to recover the overpayment. The proposition has neither reason nor authority in its favor. We reject the jurisdictional point and pass on to the merits.

Prior to Graves v. New York ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, it was thought that there was constitutional immunity from federal income tax in the case of compensation received by officers and employees of states and political subdivisions of states. Taxing statutes and regulations from time to time had given recognition to the supposed immunity, and there had grown up a body of decisions distinguishing between those who were officers and employees and those who were not. The O'Keefe case was the finish of the theory of constitutional immunity from non-discriminatory income tax. The Public Salary Tax Act of 1939, 26 U.S.C.A.Int.Rev.Code, § 22(a), however, gave immunity for "compensation for personal service * * * as an officer or employee of a State, or any political subdivision thereof", limited to years prior to 1938 and to a number of instances, one of the instances being a case like the present one, where suit for recovery of tax was pending at the passage of the Act. The purpose of Congress was to restrict the retroactive effect of the O'Keefe case. The question therefore is whether the plaintiff brought himself within the Public Salary Act of 1939 as "an officer or employee" of the villages which he served as attorney. We hold that he did not. There was no oath of office; no duties were prescribed by law; the plaintiff was free to accept concurrent employment; the legal services rendered to the villages were performed in the plaintiff's own quarters and with the help of an assistant paid from his own funds; and it is obvious, from the large number of villages represented, that the work for any one village could not have taken a considerable part of his time. If he had performed similar services for private corporations on annual retainers, as many lawyers do, he would not be spoken of as an officer or employee of the corporations. The analogy to the present case, while not absolute, is tolerably close. The term "officer or employee" in the Public Salary Act has a meaning no broader than that formerly given to the same words in exemptive provisions of income tax statutes and regulations. And under such exemptive provisions a person in the plaintiff's position was generally held not to be an officer or employee of a political subdivision of a state for purposes of income tax. Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Register v. Commissioner, 5 Cir., 69 F.2d 607, 93 A.L.R. 186; Burges v. Commissioner, 5 Cir., 69 F.2d 609; Ewart v. Commissioner, 3 Cir.,

98 F.2d 649; Commissioner v. Emerson, 3 Cir., 98 F.2d 650. See, also, Moore v. Wilkins, 6 Cir., 107 F.2d 1018.

The decision below was right and will be affirmed.