## SIRIAN LAMP CO. v. MANNING, Collector of Internal Revenue.

### No. 7753.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 9, 1941.

Decided Nov. 17, 1941.

---

Howe P. Cochran, of Washington, D. C., for appellant.

Carl J. Marold, of Washington, D. C., for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff filed its income tax return for 1929 and paid the tax shown thereon to be due. In 1934 the Commissioner of Internal Revenue assessed a deficiency of $7,534.14, which together with interest to August, 1934, amounted to $10,959. On July 19, 1938, the plaintiff paid the defendant, the collector of internal revenue, the sum of $1,150 on account of this deficiency tax. The following day, on July 20, 1938, the plaintiff filed with the Commissioner a claim for the refund of the amount so paid. This claim was rejected on November 21, 1938. On January 10, 1939, the plaintiff brought suit against the collector in the District Court for the District of New Jersey to recover the sum thus paid. It alleged that the deficiency assessment was erroneous because the Commissioner had included as taxable income an item which was a capital asset and because the plaintiff had not received notice of the assessment as required by Section 272(a) of the Internal Revenue Act of 1928. 26 U.S.C.A. Int.Rev.Code, § 272(a). Upon motion the district court dismissed the complaint as premature. It held that the entire tax assessed as a deficiency must be paid as a condition precedent to a suit for the recovery of any part thereof. 36 F.Supp. 539. This appeal followed.

We think the court did have jurisdiction and that it was error to dismiss the complaint. In paragraph 4 of the complaint the plaintiff avers that the suit arises, inter alia, under the Revenue Act of 1928. The cause of action is, therefore, one over which the district court has jurisdiction since it arises under the internal revenue laws of the United States.[1]

---

[1] Jurisdiction "of all cases arising under any law providing for internal revenue, or from revenue from imports or tonnage, except those cases arising under any law providing revenue from imports, jurisdiction of which has been conferred upon the Court of Customs Appeals," is vested in district courts by sec-

In paragraph 3 the plaintiff avers that the suit is to recover $1,150 illegally collected by the defendant and unlawfully retained by him. This is a cause of action, quasi contractual in character, which was well known at common law. Stone v. White, 301 U.S. 532, 534, 57 S.Ct. 851, 81 L.Ed. 1265.

■ The defendant takes the position that the right of the plaintiff to sue him is derived from Section 3226, Revised Statutes, as amended by Section 1103(a) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, p. 652,[2] and that when this section refers to recovery of a "tax" it limits the meaning of "tax" to the entire amount assessed by the Commissioner. It is clear, however, that the statute referred to is not the source of the plaintiff's right to bring suit against the collector. On the contrary that right had its source in the common law. City of Philadelphia v. The Collector, 72 U.S. 720, 5 Wall. 720, 18 L.Ed. 614; Lowe Bros. Co. v. United States, 304 U.S. 302, 306, 58 S.Ct. 896, 82 L.Ed. 1362. The appropriate action at common law was in assumpsit, for money had and received. The theory upon which recovery was allowed was that the retention of the moneys received would result in the unjust enrichment of the defendant. Stone v. White, 301 U.S. 532, 534, 57 S. Ct. 851, 81 L.Ed. 1265. If a tax assessment is erroneous, unjust enrichment results whether the defendant has received moneys sufficient to pay the entire tax assessed or only a portion of it. The im-

portant factor is that the retention of the money would be unjust because there was no tax legally due. The common law liability of the collector to refund the money thus unjustly retained is still enforced and the action remains as a personal one against him. Smietanka v. Indiana Steel Co., 257 U.S. 1, 42 S.Ct. 1, 66 L.Ed. 99. The effect of section 3226 is merely to require a preliminary unsuccessful appeal to the Commissioner of Internal Revenue as a condition precedent to the enforcement of the common law liability, (Sage v. United States, 250 U.S. 33, 36, 37, 39 S.Ct. 415, 63 L.Ed. 828), to eliminate the common law requirement that the payment sought to be recovered back must have been made under protest or duress, and to prescribe a period of limitation within which the suit must be brought. It is true that the section has an additional purpose in the case of a suit against the United States,[3] but that purpose does not concern us here.

■ The district court's conclusion that the complaint was premature was based upon the assumption that if litigation concerning any part of the deficiency tax were pending in the courts collection of the sum remaining due would necessarily be held in abeyance and that thus the prosecution of such litigation amounted in effect to an injunction against the collection of the balance of the tax and came within the prohibition of Section 3224 of the Revised Statutes.[4] We see no basis, however, for the assumption that a suit for the recovery

---

tion 24(5) of the Judicial Code, 28 U.S. C.A. § 41(5).

In Lowe Bros. Co. v. United States, 304 U.S. 302, 305, 58 S.Ct. 896, 897, 82 L.Ed. 1362, Mr. Justice Stone said: "* * * District Courts also had jurisdiction of suits against a collector of internal revenue brought to recover, in any amount, internal revenue taxes which he had erroneously collected. Section 24 (5), Jud.Code, 28 U.S.C. § 41(5), 28 U.S. C.A. § 41(5)."

2 "Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that re-

gard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

3 In United States v. Michel, 282 U.S. 656, 658, 51 S.Ct. 284, 75 L.Ed. 598, Mr. Justice Butler stated that in Section 3226 the United States waived its sovereign immunity from suit.

4 Section 3224 provides that "no suit for the purpose of restraining the assess-

of a portion of a tax will necessarily prevent collection of the remainder while it is pending. It is true that there is a statutory provision (subparagraph (a) of Section 272 of the Internal Revenue Code) to the effect that when a petition is filed with the Board of Tax Appeals to redetermine a tax deficiency no distraint or proceeding in court for its collection shall be made, begun or prosecuted until the decision of the Board has become final. If, however, no petition has been filed subparagraph (c) of Section 272 of the Internal Revenue Code provides that "the deficiency * * * shall be assessed, and shall be paid upon notice and demand from the collector." This statute makes no exception for the situation in which a part of the deficiency has been paid and a suit for the recovery of the part payment is pending. We think that the pendency of such a suit does not relieve the taxpayer of present liability to pay the balance of the assessed deficiency.[5] Furthermore even if the plaintiff should succeed in obtaining a judgment against the collector for the part payment the United States would not be estopped by the judgment from collecting the remainder of the tax since the collector's liability is not official but personal and the United States is, therefore, not in privity with him. Bankers' Coal Co. v. Burnet, 287 U.S. 308, 311, 312, 53 S.Ct. 150, 77 L.Ed. 325; Tait v. Western Md. Ry. Co., 289 U.S. 620, 627, 53 S.Ct. 706, 77 L.Ed. 1405.

The complaint discloses that the plaintiff is merely seeking to recover $1,150, which is the portion of the deficiency in fact paid. It does not, even indirectly, pray for relief against the collection of the unpaid portion. It is, therefore, clear that the government has not been and is not now prevented from exercising its right to collect by distraint or suit the $8,809. of the deficiency assessment still unpaid. We conclude that the suit is not prohibited by Section 3224 of the Revised Statutes, that the complaint states a good

cause of action and that the district court was in error in dismissing it.

The judgment of the district court is reversed and the cause is remanded with directions to reinstate the complaint.

---

ment or collection of any tax shall be maintained in any court."

[5] Coates v. United States, 2 Cir., 111 F.2d 609, is an illustration. In that case the taxpayer paid two installments of the income tax shown due on his return and made a claim for refund. The Commissioner rejected the claim and the taxpayer thereupon filed suit for recovery of the

alleged overpayment. While this suit was pending the collector of internal revenue demanded payment of the two remaining installments of the tax, which the taxpayer paid. The right of the collector to proceed with the collection of the unpaid portion of the tax despite the pendency of the suit for recovery of the portion of the tax paid was at no time questioned.