**James H. HANCHETT, Plaintiff,**

v.

**Frank J. SHAUGHNESSY, District Director of Internal Revenue, Defendant.**

**No. 4990.**

United States District Court,
N. D. New York.

Motion to Dismiss Argued May 10, 1954.

Submitted June 26, 1954.

Decided July 26, 1954.

William P. Christy, Jr., Syracuse, N. Y., for plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, James Q. Riordan, Sp. Assts. to Atty. Gen., of counsel, for defendant.

BRENNAN, Chief Judge.

This motion raises primarily the question as to the right of the plaintiff to maintain this action to recover an alleged overpayment of his income tax for the year 1947. The claim represents a part of a deficiency assessment made against the plaintiff on account of a single item of loss claimed by plaintiff in his 1947 income tax return and disallowed.

The complaint alleges that the defendant is a Director of Internal Revenue for the district within which plaintiff resides and with whom he filed his 1947 income tax return. Plaintiff included in said return a loss from the sale of a parcel of real property in the amount of $21,704.27, and deducted same in full as a loss from the sale of "Property other than Capital Assets". On December 6, 1951, the Commissioner disallowed such item as claimed, and assessed an additional tax against the plaintiff for the 1947 tax return in the amount of $8,299.42, with interest in the amount of $2,237.54. On November 28, 1952, the plaintiff paid to defendant the sum of $4,000, and on January 3, 1953, an additional sum of $100, to apply upon the above mentioned deficiency assessment. The plaintiff alleges that the assessment was illegal; that the conditions precedent required by the provisions of the Internal Revenue Law, 26 U.S.C.A. § 3772, occurred or have been complied with, and seeks a money judgment of $4,100 with interest.

The complaint alleges no special circumstances as to plaintiff's inability to pay the whole amount of the tax assessed, although upon the argument such a claim was made, and it became apparent that an arrangement had been entered into between the parties whereby the balance of tax due, as above indicated, was to be paid by the plaintiff in monthly installments of $100 each.

While the motion raises the question of the jurisdiction of this court, the burden thereof involves the contention that the action may not be maintained, since the assessment was single and inseparable, and the full amount thereof has not been paid.

So far as jurisdiction is concerned, the contention is disposed of by stating that the court is afforded jurisdiction by reason of the fact that it arises under the Internal Revenue Law. 28 U.S.C.A. § 1340. The action is brought to recover money had and received, and is commonly referred to as such. Stone v. White, 301 U.S. 532, at page 534, 57 S.Ct. 851, 81 L.Ed. 1265; Sirian Lamp Co. v. Manning, 3 Cir., 123 F.2d 776, 138 A.L.R. 1423.

The defendant makes a strong argument to the effect that practical considerations and the taxing policy of the United States require the payment of the whole tax before an action may be maintained to recover back a partial payment thereof. The argument is not without force, but legally it is reduced to a contention that the provisions of 26 U.S.C.A. § 3772 set out conditions precedent which require that the tax be paid in full before this action may be brought.

A reading of the section, however, indicates that such conditions are concerned with the filing of the claim, rather than with the payment of the tax, and it is the status of the claim, as distinguished from the payment of the tax, upon which the right to maintain the action depends. The section by its language contemplates an action to recover "* * * any sum alleged to have been excessive or in any manner wrongfully collected * * *." The cause of action would seem to have ripened when "any sum" has been wrongfully collected. Its maintenance is deferred until the prescribed conditions are met.

The plaintiff relies upon the cases of Sirian Lamp Co. v. Manning, supra, and Coates v. U. S., 2 Cir., 111 F.2d 609. The latter case may be distinguished by reason of the fact that while the suit was pending the remaining installments had been paid, and such fact had been set forth in a supplemental complaint. The language of the opinion, however, is clearly indicative of a rejection of the contention made by the defendant here. This Court is unable to distinguish the Sirian Lamp Co. case. It is no doubt correct that the enactment of Section 3772(d) will eliminate the statement in the opinion to the effect that a judgment for the plaintiff would not estop the collection of the remainder of the tax. The decision, however, did not turn on that question, but was an additional basis upon which the court's decision rested.

The brief submitted in support of the motion to dismiss discusses at length the policy of taxation which, generally speaking, requires that one must pay first and litigate later. The history and theory of the alternate rights of the taxpayer to litigate the validity of a tax assessment in the Tax Court, or to pay the tax and seek to recover same in the District Court is emphasized therein, as is also the similarity between actions brought against the Collector and those brought against the United States to recover alleged illegal taxes. Such discussion is directed to the interpretation of the statute directly involved here. Same has not been overlooked, but this Court feels that the language of the statute and the persuasive interpretations placed thereon in the cases referred to above require that the motion be denied. If an overriding policy of taxation requires a different result, it would more appropriately come from an appellate court.

The affidavit submitted by the plaintiff is not considered upon this motion.

For reasons above stated, the motion to dismiss is denied, and it is

Ordered accordingly.