PEDRO E. ANGLADE, ETC., Plaintiff and Appellee, *v.* THE SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 11330.   Argued November 1, 1955.—Decided March 19, 1957.

*José Trías Monge, Attorney General, (J. B. Fernández Badillo, Acting Attorney General, on the brief), and José A. Mayoral, Assistant Attorney General, for appellant. Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella and C. Morales, Jr. for appellee.*

MR. JUSTICE BELAVAL delivered the opinion of the Court.

In order to recover certain deficiencies assessed against the taxpayer for the taxable years 1941, 1942, 1943, and 1944, the Secretary of the Treasury withheld certain monthly amounts from the salary received by taxpayer's wife as professor of the University of Puerto Rico. The taxpayer applied to the Secretary of the Treasury for refund of the amount withheld. The Secretary of the Treasury agreed to reaudit the years 1941 and 1942, for the purpose of ascertaining whether the taxpayer was correct, and, as to the year 1943, he refused to consider the request for refund until the tax for that year was paid in full.

In order to review the refusal of the Secretary of the Treasury to consider that part of his request for refund for the year 1943, the taxpayer appealed to the Superior Court of Puerto Rico. After an exhaustive analysis of the evi-

dence the court concluded that, as to the year 1943, the sum of $10,234 should be deducted from the net income determined by the Secretary of the Treasury and that the deductions determined by the Secretary of the Treasury should be increased by the amount of $3,045, ordering that the excess resulting from the readjustment be refunded to the taxpayer, plus the interest thereon provided by § 2 of Act No. 232 of May 10, 1949 (Sess. Laws, p. 720).

On appeal to this Court, the Secretary of the Treasury does not contest the judicial determination of the tax excess for the year 1943, but raises two questions of law, to wit: (1) the trial court erred "in holding that it had jurisdiction to decide the issue on the merits," and (2) "in ordering the refund to plaintiff-appellee of the money which he had paid as a credit against the deficiency for the year 1943."

■■ As to the error relating to jurisdiction, the question for decision is what is the law applicable in a case such as this: whether § 62(d), which provides that no claim in abatement shall be filed in respect of any assessment after the enactment of the Act in respect of any income tax, except in cases of jeopardy assessments, or Act No. 232 of May 10, 1949, which authorizes the taxpayer, when he believes that he has paid, or that there has been collected from him, unlawfully or unduly, or in excess of the amount due, a tax of any kind, to apply in writing to the Secretary of the Treasury for *reimbursement or credit* of the same, setting forth the reasons he may have therefor.

Section 62(d) of Act No. 74 of August 6, 1925, as amended—13 L.P.R.A. § 780, p. 588—is not of general application, but, on the contrary, as it now stands it is circumscribed to claims in abatement in cases of jeopardy assessments. The legislative history of this section has convinced us that the prohibitive part thereof refers to other claims in abatement authorized as to other different situations before the Federal Act of 1924 went into effect, which

were precisely substituted by the new procedures established by the Federal Act of 1924, on which our Act was patterned. We must therefore apply Act No. 232 of May 10, 1949, relating to refund.

■ As to the refund, the Secretary of the Treasury assumes the position that the taxpayer in this case can not avail himself of the reform proceeding, since he did not pay in full the tax corresponding to the year 1943. It is well to recall that in this case the fact that payment was made in instalments was due to the distraint proceeding employed by the Secretary of the Treasury, electing to collect the tax due by way of partial discounts from the salary of taxpayer's wife. See 3 L.P.R.A. § 278, p. 434. The taxpayer calls our attention to the provisions of § 55 of the Income Tax Act—13 L.P.R.A. § 773, p. 573—whereby the Secretary of the Treasury is bound to credit any overpayment of an instalment against any unpaid instalments, or to reimburse to the taxpayer any excess over the full amount of all the instalments.

Be that as it may, it is well to clarify that where the Secretary of the Treasury and the taxpayer have reached an agreement as to the payment of the tax in specified instalments, or such situation arises from the manner in which the distraint proceeding has been effected, the taxpayer is not bound to pay the full amount of the instalments before applying for refund of that portion which he believes he has paid in excess of the amount due, or which has been collected from him, illegally or unduly, by the Secretary of the Treasury. 10 Merten's 366–67, § 58.34 (Callaghan and Company, 1948); *Siriam Lamb Co.* v. *Manning*, 123 F. 2d 776, 778 (Maris) (1941); see *Coates* v. *United States*, 111 F. 2d 609, 610 (Patterson) (1940).

■ There is no question that at the time of refunding the overpayment collected for the year 1943, the Secretary of the Treasury may set off any amount due by the taxpayer

for the year 1944.   Section 124 of the Political Code; *Pagán* v. *Tax Court*, 73 P.R.R. 605, 609 (Todd, Jr.) (1952). It was so admitted by the taxpayer in his brief.   The refund of the overpayment was ordered because the result of the judicial adjustment of the tax for the taxable year 1943 is an excess, even though the tax for the year 1944 is also collected.

The judgment appealed from will be affirmed.

Mr. Justice Saldaña did not participate in the decision of this case.