## COATES v. UNITED STATES.
### No. 6561.

District Court, E. D. New York.
March 29, 1939.

On Motion for Reconsideration July 6, 1939.

Ewing Everett, of New York City (J. R. Sherrod, of Washington, D. C., and Ewing Everett, of New York City, of counsel), for plaintiff.

James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and Leon F. Cooper, Sp. Assts. to Atty. Gen., and Vine H. Smith, U. S. Atty., Eastern District of New York, of Brooklyn, N. Y. (Clarence Wilson, of Brooklyn, N. Y., and Morris K. Siegel, Asst. U. S. Atty., of New York City, of counsel), for the United States.

MOSCOWITZ, District Judge.

The question presented by this suit for refund of Federal income taxes paid by the plaintiff is, whether certain income received by the plaintiff in the years 1931 and 1932 as compensation or salaries paid to him for services rendered as attorney to several Long Island incorporated villages, is taxable by the Federal government. Considerable discussion and argument has been directed by the parties toward the determination of whether the taxpayer was an employee of the municipalities or was an independent contractor within the doctrine of Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384. Extended consideration has also been given to the scope and effect of Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427.

The recent decision of the Supreme Court in Graves v. People ex rel. O'Keefe, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, on March 27, 1939, however, makes the determination of the first point immaterial and leaves no doubt with respect to the intended scope of Helvering v. Gerhardt, su-

pra. It is now clear that the long recognized immunity of the salaries of federal or state officers and employees from the taxing power of the other sovereign, state or federal, finds no support in the Constitution of the United States, where the tax is non-discriminatory. Since this claim for refund is predicated wholly upon a doctrine which is no longer recognized, the action must be dismissed.

### On Motion for Reconsideration.

This is a motion made by the plaintiff for a reconsideration of the decision with opinion rendered on March 29, 1939.

This action presents the question whether certain income received by the plaintiff as compensation for services rendered as attorney for certain incorporated villages is subject to taxation by the Federal Government. While the Court originally had this case under consideration, the United States Supreme Court decided the case of Graves v. People ex rel O'Keefe, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, on March 27, 1939, which held non-existent the alleged immunity of federal salaries from state taxation and state salaries from federal taxation. In accordance therewith, on March 29, 1939, the opinion was filed in the instant case holding the plaintiff's income taxable.

On April 12, 1939, however, and before the entry of judgment, the Public Salary Tax Act of 1939 was passed by Congress and became effective. Section 201(c) (3) thereof, 26 U.S.C.A. § 22 note, provides: "Any amount of income tax (including interest, additions to tax, and additional amounts) for any taxable year beginning prior to January 1, 1938, to the extent attributable to compensation for personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing— * * (c) shall, if collected on or before the date of the enactment of this Act, be credited or refunded in the same manner as in the case of an income tax erroneously collected, in the following cases— * * * Where a suit for the recovery of such amount is pending on the date of the enactment of this Act; * * *."

Thereafter plaintiff made this motion for reargument.

Since plaintiff's claim for refund was pending on the date of enactment of this statute, as provided in Section 201(c) (3)

thereof, it now becomes necessary to determine whether plaintiff, during 1931 and 1932, the tax years in question, was an officer or employee of a state or a political subdivision thereof. The statute was evidently designed to give retrospective relief, in certain named instances, from the effect of the decisions of the United States Supreme Court in Graves v. People ex rel O'Keefe, supra, and Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427.

It appears that during the year 1931, the plaintiff served as attorney for seven incorporated villages which are political subdivisions of the State of New York. In 1932 he acted on behalf of nine villages. For his services, he received compensation, in varying amounts, from each village. Each village was aware of the fact that the plaintiff was acting as attorney for the others, and also that he was engaging in private practice. The plaintiff took no oath in connection with his work, and his services for the various villages were performed in his own private law office, the expenses of which were paid out of his own funds.

The government has raised a preliminary point that this Court is without jurisdiction because plaintiff has allegedly failed to meet the conditions precedent for a suit for refund of taxes paid. The record, however, sufficiently indicates that at each point in the proceeding plaintiff met the statutory requirements. Each of his claims for refund was filed within the statutory period, and each suit was brought only after denial of the refund by the Treasury Department. If, as the government contends, the action was prematurely brought in 1934, then it must have been mature at some time, namely 1937 when the amended and supplemental complaint was filed. Substantial rights should not be made to depend upon insubstantial technicalities where the basic requirements of the statute have been met.

The plaintiff, however, has failed to establish that he is an officer or employee of a political subdivision and not an independent contractor within the doctrine of Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384. It is difficult to see how the relationship of the plaintiff to the villages differed in any material respect from the normal retainer arrangement which might exist between an attorney and a private client. His office was

322

his own, his time was his own, his duties were not fixed, he took no oath, and he was free to handle his private practice at any time. There were completely absent the elements of control and restraint which one usually associates with an employer-employee relationship, and it may be said that the nature of an attorney's work does not prevent such control and restraint if a true employer-employee relationship exists. It follows therefore that plaintiff is not entitled to a refund of taxes allegedly paid erroneously for the years 1931 and 1932.

Motion denied.

Settle order on notice.