## SIRIAN LAMP CO. v. MANNING, Collector of Internal Revenue.

District Court, D. New Jersey.
Jan. 24, 1941.

Charles G. Hodgins, of Hackensack, N. J. (Howe P. Cochran, of Washington, D. C., of counsel) for plaintiff.

William F. Smith, U. S. Atty., of Trenton, N. J., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Carl J. Marold, Sp. Assts. to Atty. Gen., for the Government.

FORMAN, District Judge.

Plaintiff filed its income tax return for the year 1929 and paid the tax shown to be due thereon. Thereafter, the Commissioner of Internal Revenue assessed a deficiency in tax for the year 1929 in the

amount of $8,330.17, together with interest of $2,626.83, or a total of $10,959. The assessment of this deficiency resulted from the inclusion in the plaintiff's income of a single item of $94,440.86, received by plaintiff as a royalty. On July 19, 1938, the plaintiff paid to the defendant, on account of the total assessment of $10,959, the sum of $1,150. On July 20, 1938, the plaintiff filed its claim for refund, demanding the return of the payment of $1,150, which claim was rejected by the Commission on November 21, 1938. Plaintiff alleges that the entire assessment of $10,959 was erroneous, in that the amount of $94,440.84 was not income but the exchange of a capital account, and seeks the adjudication of that issue.

Defendant has filed a motion to dismiss the complaint on the grounds that this court has no jurisdiction to entertain this suit, and that the complaint fails to state a cause of action. The principal grounds of the motion are that, since it appears on the face of the complaint that this is an action to recover a partial payment of an income tax when the payment of the entire tax has not been made, the action is premature and the plaintiff has not satisfied the jurisdictional requisite of making full payment of the tax.

Express statutory guidance in the disposition of this matter is lacking. The relevant statute states that "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally * * * collected * * * until a claim for refund or credit has been duly filed with the Commissioner * * *." 26 U.S.C.A. Int.Rev.Code, § 3772 (a) (1).

■ It is a general proposition that under our system of tax collection one must pay first and litigate afterwards. Cheatham v. United States, 92 U.S. 85, 23 L.Ed. 561; State Railroad Tax Cases, 92 U.S. 575, 613, 23 L.Ed. 663. But, since we are more particularly interested in how much one must pay as a condition precedent to litigation, we find that neither the statute nor this proposition is completely dispositive.

In the case of Friebele v. United States, D.C., 20 F.Supp. 492, this court indicated that due to the divisible nature of stamp tax assessments a suit for refund could be maintained without payment of the entire assessment. We specifically pointed out, however, that stamp tax assessments,

were distinguishable from income tax and estate tax assessments, and that decisions concerning those types of taxes requiring payment as a condition precedent to litigation were not controlling.

Light is thrown upon the problem in a case decided in our own circuit, Suhr v. United States, 3 Cir., 18 F.2d 81. Therein, suit was brought for the recovery of an alleged overpayment of income taxes when there existed a deficiency assessment against the claimant in excess of the alleged claim for refund. The court stated:

"The fact that plaintiff was entitled to a refund * * * did not give him authority to resort to the courts if he owed the Government any taxes for that year. He was simply entitled to have the overpayment credited against his other tax liability. * * *

"There is no provision for refund to the taxpayer of any excess payment of any installment of part of his tax, if the whole tax for the year has not been paid." 18 F.2d 81, 82.

Our attention has been directed to what the plaintiff construes to be a conflicting decision, Coates v. United States, 111 F.2d 609, decided in the Second Circuit, in which the court states:

"The defendant urges that the district court did not have jurisdiction of the suit because the plaintiff, it is said, had not paid the entire tax for 1932 when he brought suit. The point did not impress the district judge and does not impress us. The contention that only a part of the 1932 tax had been paid when the action was brought involves the merits, not the jurisdiction. If the plaintiff's view as to the compensation received from the villages was sound, he had paid the entire tax and more when he started his action. It is pressing technicality beyond all bounds to say that a taxpayer who has made a return on an excessive basis and has paid installments which are more than the correct amount of tax before discovering his error, must pay the remaining installments indicated by the incorrect return on pain of losing his remedy to recover the overpayment. The proposition has neither reason nor authority in its favor. We reject the jurisdictional point and pass on to the merits." 111 F.2d 609, 610.

When the case was before the district court it said in this regard: "The government has raised a preliminary point that this Court is without jurisdiction because

plaintiff has allegedly failed to meet the conditions precedent for a suit for refund of taxes paid. The record, however, sufficiently indicates that at each point in the proceeding plaintiff met the statutory requirements. Each of his claims for refund was filed within the statutory period, and each suit was brought only after denial of the refund by the Treasury Department. If, as the government contends, the action was prematurely brought in 1934, then it must have been mature at some time, namely 1937 when the amended and supplemental complaint was filed. Substantial rights should not be made to depend upon insubstantial technicalities where the basic requirements of the statute have been met." Coates v. United States, D.C., 28 F.Supp. 320, 321.

Attention is directed to the fact that the Circuit Court of Appeals recites in its opinion that the taxes were, indeed, paid.

"The collector later demanded the two remaining installments of the 1932 tax. The plaintiff paid them, filed another claim for refund, which was rejected, and set forth these further facts in a supplemental complaint. The case was tried on agreed facts. The district court dismissed the case on the merits." 111 F.2d 609, 610.

Thus it would appear that the taxes were paid in full prior to the time the supplemental complaint was filed, and justified the court in its declaration that argument in that respect was moot or inconsequential. In any event we cannot agree with plaintiff that the decision in the case binds us to the view that it has fulfilled the condition precedent to a suit for the recovery of its deficiency tax by a payment on account thereon.

The plaintiff asserts that the Commissioner of Internal Revenue "entertained" its claim for refund and rejected it. By such entertainment and rejection the plaintiff was limited to a period of two years in which to bring suit. It submits that thereby the Commissioner set in motion the machinery limiting the right of the plaintiff to sue within two years. It seems to believe that this procedure gives rise to a right to it to bring suit without first making payment in full for the alleged deficiency. The action of the Commissioner was in the usual course of his administrative procedure and has no bearing upon the question of payment.

No suit may be brought to restrain the collection of any tax except in certain instances immaterial herein. 26 U.S.C.A. Int.Rev.Code, § 3653 (a). The rule that one must pay first and litigate afterwards is a consistent, if not a practical consequence of this statutory prohibition. If a claimant were permitted to contest an entire assessment upon a partial payment thereof, that, in effect, would constitute an injunction against the collection of the balance of the assessment, because pending the litigation collection of the sum remaining due would be held in abeyance.

We conclude that plaintiff must pay the entire assessment as a condition precedent to litigation, and, accordingly, the complaint is dismissed.