PEDRO E. ANGLADE, en representación de la Sociedad de Gananciales que tiene constituída con su esposa ISABEL LEVY DE ANGLADE, demandante y apelado, *v.* SECRETARIO DE HACIENDA, demandado y apelante.

Número 11330.
*Sometido:* 1 de noviembre de 1955. *Resuelto:* 19 de marzo de 1957.

*Hon. Secretario de Justicia José Trías Monge (J. B. Fernández Badillo, Secretario de Justicia Interino,* en el alegato) y *José A. Mayoral, Procurador Auxiliar,* abogados del apelante; *Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella* y *C. Morales, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Con el objeto de cobrar ciertas deficiencias correspondientes a los años contributivos 1941, 1942, 1943 y 1944, tasadas contra el contribuyente, el Secretario de Hacienda descontó ciertas cantidades mensuales del sueldo que devengaba la se-

ñora esposa del contribuyente como catedrática de la Universidad de Puerto Rico. El contribuyente solicitó del Secretario de Hacienda el reintegro de la cantidad descontada. El Secretario de Hacienda estuvo conforme en reinvestigar los años 1941 y 1942, con el fin de determinar si le asistía la razón al contribuyente, y en cuanto al año 1943, se negó a considerar la solicitud de reintegro hasta tanto se hubiere pagado en su totalidad la contribución correspondiente a dicho año.

Para revisar la negativa del Secretario de Hacienda a considerar aquella parte de su petición de reintegro correspondiente al año 1943, el contribuyente recurrió al Tribunal Superior de Puerto Rico. Después de un exhaustivo análisis de la prueba, dicho tribunal llegó a la conclusión que, en cuanto al año 1943, debía rebajarse del ingreso neto determinado por el Secretario de Hacienda la cantidad de $10,234 y aumentarse las deducciones determinadas por el Secretario de Hacienda en la cantidad de $3,045, ordenando que se devolviera al contribuyente el exceso que resultare del nuevo ajuste. Más los intereses sobre el mismo que le concede el art. 2 de la Ley núm. 232 de 10 de mayo de 1949.

En apelación ante nos, el Secretario de Hacienda no impugna la determinación judicial del exceso contributivo, correspondiente al año contributivo 1943, sino que plantea dos cuestiones de derecho, en el sentido que: (1) erró la Sala Sentenciadora "al resolver que tenía jurisdicción para resolver en sus méritos la controversia planteada" y (2) "al ordenar la devolución al demandante-apelado del dinero que éste ha satisfecho en abono a la deficiencia correspondiente al año 1943".

◼◼ 1. En cuanto al error relacionado con la jurisdicción, el mismo está centrado en torno a qué Ley debemos aplicar en un caso como éste: si la sec. 62(d), que dispone que no se reclamará rebaja alguna respecto a cualquiera tasación hecha después de promulgada la Ley por concepto de

contribuciones sobre ingresos, excepto en casos de tasaciones de emergencia (*jeopardy assessments*) o la Ley núm. 232 de 10 de mayo de 1949 que autoriza al contribuyente, cuando creyere que ha pagado, o que le ha sido cobrada ilegal o indebidamente, o en exceso de la cantidad debida, una contribución de cualquiera clase, solicitar del Secretario de Hacienda, por escrito y exponiendo los fundamentos que tuviere para ello, *el reintegro o crédito* de la misma.

La sec. 62(*d*) de la Ley núm. 74 de 6 de agosto de 1925, según enmendada—13 L.P.R.A. 622, sec. 780—no es de aplicación general, y por el contrario, está en su forma actual, circunscrita a las reclamaciones de reducción en casos de tasaciones de emergencia (*jeopardy assessments*). La historia legislativa de dicha sección nos ha convencido, que la parte prohibitiva de la misma, se refiere a otras reclamaciones de reducción (*claims in abatement*) autorizadas para otras situaciones distintas, antes de empezar a regir la Ley federal de 1924, y que precisamente, fueron substituídas por los nuevos procedimientos establecidos por la Ley federal de 1924, la Ley que le sirvió de modelo a la nuestra. Por lo tanto, debemos aplicar la Ley número 232 de 10 de mayo de 1949 referente al reintegro.

En cuanto al reintegro, el Secretario de Hacienda nos arguye, que el contribuyente en este caso, no puede utilizar el procedimiento de reintegro, por no haber satisfecho la totalidad de la contribución correspondiente al año 1943. Bueno es recordar, que en este caso, la existencia de plazos para el pago se debe a la mecánica de apremio que utilizó el propio Secretario de Hacienda, decidiendo cobrar mediante descuentos parciales del sueldo de la señora esposa del contribuyente la contribución adeudada. Véase 3 L.P.R.A. 455, sec. 278. El contribuyente nos llama la atención en cuanto a lo dispuesto por la sec. 55 de la Ley de Contribuciones sobre Ingresos—13 L.P.R.A. 605, sec. 773—que obliga al Secretario de Hacienda a acreditar cualquier exceso en el pago del

plazo a otros plazos pendientes de pago o a reembolsar al contribuyente cualquier exceso sobre la totalidad de todos los plazos.

De todos modos, es bueno dejar esclarecido, que cuando se ha pactado entre el Secretario de Hacienda y el contribuyente, el pago de la contribución en determinados plazos, o tal situación surja de la forma como se ha realizado el apremio, el contribuyente no tiene que satisfacer la totalidad de los plazos antes de solicitar el reintegro de aquella porción que creyere ha pagado ya en exceso de la cantidad debida o que le ha sido cobrada ya ilegal o indebidamente por el Secretario de Hacienda: 10 Merten's 366–367, sec. 58–34 (ed. de Callaghan and Company de 1948); *Sirian Lamp Co.* v. *Manning*, 123 F.2d 776 (Maris), (1941), cita precisa a la pág. 778; *Coates* v. *United States*, 111 F.2d 609 (Patterson), (1940), cita precisa a la pág. 610.

■ 2. No hay duda de que al momento de proceder al reintegro del exceso cobrado correspondiente al año 1943, el Secretario de Hacienda puede descontar cualquiera contribución adeudada por el contribuyente, correspondiente al año 1944; art. 124 del Código Político; *Pagán* v. *Tribunal de Contribuciones*, 73 D.P.R. 654 (Todd, hijo), (1952), cita precisa a la pág. 659. Así lo reconoce el contribuyente en su alegato. La devolución del exceso fué ordenada, porque lo que produce el ajuste judicial de la contribución correspondiente al año 1943 es un exceso aunque se cobre también la contribución correspondiente al año 1944.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Saldaña no intervino en la resolución del caso.