INTER-AMERICAN ORANGE CRUSH CO., demandante y recurrente, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

Número 11487.

*Sometido:* 11 de junio de 1956. *Resuelto:* 30 de abril de 1959.

*Manuel García Cabrera* y *Luis F. Cuyar,* abogados de la recurrente; *Hon. Secretario de Justicia Hiram R. Cancio (José Trías Monge, ex-Secretario de Justicia* y *Arnaldo P. Cabrera, Procurador Auxiliar,* en el alegato) y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del recurrido.

*Per Curiam:* Este caso plantea en sus méritos las mismas cuestiones de hecho y de derecho que se suscitan en el caso núm. 11,609, Inter-American Orange Crush Co. v. Secretario de Hacienda, sobre Deficiencias de Ingresos para los años 1947, 1948 y 1949. No obstante, aquí el Secretario planteó una "cuestión jurisdiccional" que no está envuelta en el otro caso sobre deficiencias para los años 1947–49.

Esta última cuestión se reduce a lo siguiente: La corporación demandante empezó a hacer negocios en Puerto Rico a principios de 1946. El 11 de marzo de 1947 solicitó una prórroga para radicar su planilla correspondiente al año

1946. El Secretario de Hacienda le concedió dicha prórroga a condición de que radicara en o antes del 24 de marzo de 1947 una planilla provisional, y pagara la mitad de la contribución estimada. La demandante rindió una declaración provisional incluyendo en su ingreso bruto *todo* lo recibido de sus concesionarios en Argentina, Venezuela y Cuba. Simultáneamente pagó la mitad de la contribución así estimada. Poco después rindió una planilla final para el año 1946 sobre esa misma base. Pero a mediados de 1947 se dio cuenta de que había cometido un error al declarar como ingreso bruto las cantidades recibidas por concepto de "royalties" de sus concesionarios en Argentina, Venezuela y Cuba. Por eso la demandante radicó el 11 de agosto de 1947 una planilla enmendada para el año 1946, excluyó los referidos "royalties" de su ingreso bruto, y rehizo el cómputo de la contribución para el año 1946. De conformidad con esta planilla ya la corporación había pagado $4,816.74 en exceso para el año 1946, teniendo en cuenta lo pagado anteriormente como "mitad de la contribución estimada". Inmediatamente la Inter-American Orange Crush Co. solicitó un reintegro por esa cantidad y además pidió que el Secretario de Hacienda dejara sin efecto el recibo expedido correspondiente al segundo plazo de la contribución para el año 1946, según la planilla original.

Con fecha 15 de febrero de 1950 el Secretario de Hacienda denegó el reintegro solicitado por la demandante el 11 de agosto de 1947. Dentro de los 30 días siguientes a la fecha de la notificación de la denegatoria de reintegro, la contribuyente acudió al Tribunal Superior mediante la correspondiente demanda de reintegro. El Secretario de Hacienda impugnó la jurisdicción del tribunal. Alegó que la demandante tenía que pagar *en su totalidad* la contribución sobre ingresos impuesta para el año 1946 de acuerdo con la planilla original, antes de poder solicitar reintegro de cualquier cantidad pagada en exceso para el año 1946. El Tribunal Superior declaró sin lugar la cuestión de jurisdicción así suscitada. Resolvió que (1) eran aplicables al caso las dis-

posiciones de la Ley núm. 232 de 10 de mayo de 1949 referentes al reintegro de contribuciones indebidamente pagadas o cobradas (13 L.P.R.A. secs. 261–290) ; (2) la demandante había solicitado del Secretario de Hacienda el reintegro de los $4,816.74 antes de haber vencido cuatro años desde la fecha del pago de esa contribución; (3) la demandante alegó y probó haber sufrido el peso del pago de la contribución objeto de la solicitud de reintegro; (4) el Secretario de Hacienda denegó dicha solicitud de reintegro mediante resolución administrativa fechada el 15 de febrero de 1950; y, por último, (5) antes de vencerse el término de 30 días que fija la ley para acudir al Tribunal Superior, a contar desde la fecha de la notificación de la denegatoria, la demandante presentó su demanda de reintegro ante el Tribunal Superior, Sala de San Juan.

No obstante, el tribunal de instancia resolvió el caso en contra de la demandante a base de sus méritos y oportunamente se instó el presente recurso de revisión ante nos. El Secretario de Hacienda reitera su contención de que el Tribunal Superior carecía de jurisdicción en este caso de reintegro.

Vista la doctrina sentada en *Anglade* v. *Secretario de Hacienda,* 79 D.P.R. 834 (1957) y a tenor con las disposiciones de la Ley núm. 232 de 1949 (13 L.P.R.A. secs. 261–290), nos parece obvio que la demandante no venía obligada a satisfacer la totalidad de la contribución correspondiente al año 1946 antes de solicitar el reintegro de aquella porción que a su juicio había pagado ya en exceso de la cantidad debida. Por tanto fallamos que el tribunal a quo tenía jurisdicción para resolver todas las cuestiones planteadas en la demanda de reintegro que se presentó en este caso con fecha 14 de marzo de 1950.

Respecto a los méritos de la demanda de reintegro, por los fundamentos que expresamos en la opinión emitida en el caso núm. 11,609, *Inter-American Orange Crush Co.* v. *Secretario de Hacienda,* ante, pág. 293, *procede revocar la sentencia re-*

*currida y dictar otra declarando con lugar la demanda en este caso.*