Josefina Capó Sánchez de Lube, demandante y recurrente, v. José R. Noguera, Secretario de Hacienda, demandado y recurrido.

*Número:* 428    *Resuelto:* 30 de noviembre de 1965

*Manuel I. Vallecillo,* abogado de la recurrente; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del recurrido.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

La recurrente insiste en que el caso Civil Núm. 10 no constituye cosa juzgada ni impedimento colateral por sentencia.

En dicho pleito, instado por el Estado Libre Asociado de Puerto Rico contra la Sucesión de doña Carmen Massari Cintrón, de la cual forma parte la aquí demandante recurrente, en cobro de una deficiencia de contribución sobre ingresos, montante a unos $21,569.50, los demandados atacaron la validez de la contribución que se intentaba cobrar fundándose en varias causas de nulidad, siendo una de ellas y la que aquí interesa, que la deficiencia contributiva fue hallada en relación con beneficios inexistentes, fijados arbitrariamente, mediante la consideración de un valor básico mínimo muy por debajo del valor en el mercado de la finca en primero de marzo de 1913, que es la fecha que por ley debía prevalecer; que la participación en la finca vendida de donde se deriva el supuesto beneficio, tenía un valor básico de $70,000 en marzo primero de 1913 y la venta fue realizada por $61,500 con el resultado de una pérdida de $8,500, siendo erróneo el valor básico de $36,661.96 asignado a la propiedad por el Tesorero de Puerto Rico.

Al rechazarse esta causa de nulidad, en el pleito Civil Núm. 10, se resolvió que se trataba de un error de cálculo y que tal error no podía revisarse dentro del pleito en cobro de contribuciones porque los contribuyentes, no solicitaron oportunamente la revisión judicial de ese error dentro del término y mediante el procedimiento estatuidos por ley. Se resolvió además que no se presentó evidencia alguna para probar que la determinación del ingreso neto hecha por el Tesorero en lo que concernía a la venta del inmueble fuera incorrecta.

■ Se aplica la doctrina de impedimento colateral por sentencia cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida realmente y se determina por

una sentencia válida y final pues tal determinación es concluyente en un segundo pleito entre las mismas partes aunque estén envueltas causas de acción distintas. *Pereira* v. *Hernández*, 83 D.P.R. 162 (1961), escolio 7 y pág. 166 y casos allí citados.

Es evidente que en el caso Civil Núm. 10, el Tribunal, al dictar su sentencia no adjudicó en sus méritos la contención de los allí demandados sobre el valor básico de la finca para el año 1913. Tampoco se litigó dicha cuestión porque las partes no presentaron evidencia sobre ese hecho. En su consecuencia la doctrina de impedimiento colateral por sentencia, según la ha expuesto este Tribunal, en distintas ocasiones, no es obstáculo legal para que los allí demandados litiguen esa cuestión en el pleito de reintegro de contribuciones. *Tartak* v. *Tribunal de Distrito*, 74 D.P.R. 862 (1953); *Pueblo* v. *Ibarra*, 69 D.P.R. 563 (1949).

Ahora bien, bajo la doctrina de cosa juzgada, la sentencia dictada en el pleito anterior es un impedimento en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, no solamente en cuanto a las cuestiones litigadas y adjudicadas sino también en cuanto a las cuestiones que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior. *Manrique Gil* v. *Goffinet*, 37 D.P.R. 336 (1927).

En la sentencia dictada en el caso Civil Núm. 10 se resolvió que los allí demandados no podían dentro de aquel pleito, cuestionar la validez de la deficiencia notificada por el Tesorero por no haberse acogido los contribuyentes a los procedimientos establecidos por ley para revisar judicialmente las determinaciones del Tesorero en materia de notificación de deficiencias en contribución sobre ingresos. Decisiones posteriores de este Tribunal indican que no estuvo desacertado el juez sentenciador en dicho caso. Véase, por ejemplo, *Cervecería India* v. *Srio. de Hacienda*, 80 D.P.R. 271 (1958). Siendo

ello así, tampoco podía invocarse aquella sentencia anterior como excepción de cosa juzgada en el presente litigio.

■ Convenimos pues, con la recurrente, que erró el Tribunal sentenciador al resolver que la sentencia dictada en el pleito Civil Núm. 10 constituye cosa juzgada. Sin embargo el Tribunal Superior resolvió además que la demandante no tenía derecho al reintegro solicitado por no haber satisfecho la suma total de la contribución adeudada puesto que solamente había hecho un abono de $20.00 en 16 de agosto de 1955, a la contribución adeudada. Sabemos que dicha contribución, sin incluir intereses, montaba a $21,394.85. Las partes estipularon ante el Tribunal a quo, que a la demandante doña Josefina Capó Sánchez de Lube, le correspondía pagar el 66.405% de esa contribución. Estipularon además que la demandante había pagado al Secretario de Hacienda, las siguientes cantidades:

$5,786.94 depositados en la Secretaría del Tribunal Superior y remesados al Secretario de Hacienda;

$2,400 retenidos de su sueldo como profesora de la Universidad de Puerto Rico y remesados también al Secretario de Hacienda;

$20.00 pagados directamente por la contribuyente al Negociado de Contribución sobre Ingresos; y

$2,700 depositados en la Secretaría del Tribunal Superior aunque aún no entregados al Secretario de Hacienda.

■ Las cantidades pagadas por la demandante suman en total a $10,906.94. Una simple operación aritmética demuestra que el 66.405% del monto de $21,394.85 arrojaría un resultado de $14,207.25, que es la cantidad que corresponde pagar a la recurrente. (¹) No habiendo ella pagado la totalidad de esa cantidad, el Tribunal a quo, aplicó correctamente la

---

(¹) Hemos tomado como base, a los fines de la discusión, la deficiencia original sin incluir intereses. No estamos determinando aquí la cantidad que en definitiva la contribuyente viene obligada a pagar al Secretario de Hacienda.

ley y el caso de *Flora* v. *United States,* 357 U.S. 63; 2 L.Ed.2d 1165.

En *Anglade* v. *Srio. de Hacienda,* 79 D.P.R. 834 (1957), resuelto por este Tribunal antes de emitirse la decisión en el caso de *Flora,* dijimos a la pág. 838:

"De todos modos, es bueno dejar esclarecido, que cuando se ha pactado entre el Secretario de Hacienda y el contribuyente, el pago de la contribución en determinados plazos, o tal situación surja de la forma como se ha realizado el apremio, el contribuyente no tiene que satisfacer la totalidad de los plazos antes de solicitar el reintegro de aquella porción que creyere ha pagado ya en exceso de la cantidad debida o que le ha sido cobrada ya ilegal o indebidamente por el Secretario de Hacienda: 10 Mertens 366–367, sec. 58-34 (ed. de Callaghan and Company de 1948) ; *Sirian Lamp Co.* v. *Manning,* 123 F.2d 776 (Maris) (1941), cita precisa a la pág. 778; *Coates* v. *United States,* 111 F.2d 609 (Patterson) (1940), cita precisa a la pág. 610."

Posteriormente ratificamos esta doctrina en *Inter-American Orange Crush Co.* v. *Srio. Hacienda,* 81 D.P.R. 311 (1959).

Sin embargo, *Flora* resuelve, interpretando una disposición legal similar a la nuestra, que el contribuyente debe pagar en su totalidad una deficiencia de contribución sobre ingresos antes de que pueda impugnar su corrección en una acción de reintegro. La doctrina establecida en los casos de *Coates* v. *United States,* supra, y *Sirian Lamp Co.* v. *Manning,* supra, que citamos como autoridades, en el caso de *Anglade* fue repudiada en el caso de *Flora.* Véase 10 Mertens, *Law of Federal Income Taxation,* 1963 Cum. Supp., § 58.37, pág. 205. Por lo tanto el caso de *Anglade* y el de *Inter-American Orange Crush Co.,* en todo lo que conflijan con el de *Flora,* quedan revocados.

Consideramos que al seguir la doctrina expuesta en el caso de *Flora* damos una interpretación correcta a nuestra Ley de Contribuciones sobre Ingresos. Conforme a dicha doctrina y contrario a lo resuelto en los casos de *Anglade* e *In-*

*ter-American Orange Crush Co.*, el contribuyente no puede litigar en una acción de reintegro la contribución impuesta si antes no la ha pagado en su totalidad. El requisito del pago de la contribución o su afianzamiento antes de que pueda ser litigada es un principio general que informa nuestro sistema contributivo en el aspecto del cobro y litigación de la contribución impuesta. En *Cervecería India* v. *Secretario de Hacienda*, 80 D.P.R. 271 (1958), hicimos un examen de este principio y analizamos los procedimientos establecidos por nuestras leyes para litigar las contribuciones. Respecto a las contribuciones sobre ingresos dijimos a la pág. 278: "En todos los casos en que se permite al contribuyente litigar una contribución sin pagarla antes, la Asamblea Legislativa de Puerto Rico ha impuesto condiciones para garantizar el pago de la contribución y para asegurar la eficiente recaudación de tributos. El gobierno siempre ha tratado de impedir que los litigios contributivos se conviertan en un obstáculo que impida el obtener los ingresos contributivos que son necesarios para su funcionamiento. Respecto a las contribuciones sobre ingresos se exige normalmente la prestación de una fianza como requisito previo para recurrir ante el Tribunal Superior contra una determinación final de deficiencia. Y si se apela de una sentencia del Tribunal Superior determinando una deficiencia de contribución sobre ingresos, se exige normalmente el pago de la totalidad de la deficiencia como condición previa para que el Tribunal Supremo pueda conocer de la apelación en sus méritos."

De permitirse que en una acción de reintegro se litigue contribuciones sobre ingresos impuestas y no pagadas totalmente, se eludirían en esa forma los procedimientos expresamente consignados en la Ley de Contribuciones sobre Ingresos para cuestionar la legalidad de la contribución impuesta. Por ejemplo, el Secretario de Hacienda notifica a un contribuyente una deficiencia de $10,000 para determinado año contributivo. Si el contribuyente entiende que dicha deficiencia es

errónea por ser excesiva y que la misma debe montar solamente a $2000, le bastaría pagar $2001 y luego solicitar el reintegro de $1.00 que a su juicio, pagó en exceso. Claro está, en ese litigio estaría el contribuyente discutiendo no solamente el pago en exceso de $1.00 sino también indirectamente los restantes $7999.00 del total de la deficiencia notificádale, sin haber pagado ni afianzado dicha suma.[2] Obviamente este procedimiento es contrario a lo estatuido en las leyes contributivas de Puerto Rico.

La nueva Ley de Contribuciones sobre Ingresos de 1954, según enmendada (13 L.P.R.A. sec. 3272) no ha variado el principio.[3] Referente a los pagos hechos en exceso y al derecho a reintegro, la ley dispone que "Si la cantidad ya pagada, fuere o no a base de plazos, excediere de la cantidad determinada como el monto correcto de la contribución, el pago en exceso se acreditará o se reintegrará según se provee en la sección 332 de este título." Procede por tanto, el reintegro cuando determinado el monto correcto de la contribución por el Secretario de Hacienda o el Tribunal, el contribuyente hiciere un pago en exceso de dicho monto. Las determinaciones del Secretario de Hacienda se presumen correctas. Una vez determinado el monto de la contribución por dicho funcionario, el contribuyente viene obligado a pagarlo o puede litigar su corrección mediante los procedimientos que señala la ley. Solamente cuando ha pagado la totalidad de la contri-

---

[2] Aunque el Secretario de Hacienda podría proceder al cobro de esta suma restante, sin embargo, mientras tanto el contribuyente estaría litigando su validez.

[3] La Ley Núm. 8 de abril 10 de 1964, 13 L.P.R.A. sec. 331, estableciendo el sistema de pagos parciales de contribuciones sobre la propiedad y sobre ingresos, tampoco altera en nada dicho principio.

El sistema de pagos parciales no se aplica a contribuciones que están en litigio. Aun en casos en que el Secretario de Hacienda acepte pagos parciales, las deudas incluidas en los planes de pagos parciales, se inscriben en el Registro de la Propiedad sobre cualquier propiedad del deudor y permanecen anotadas como un gravamen sobre tal propiedad hasta que el deudor satisfaga totalmente la deuda. 13 L.P.R.A. sec. 335.

bución determinada por el Secretario de Hacienda, si no ha recurrido contra dicha determinación para ante el Tribunal Superior, es que puede solicitar el reintegro de aquella parte de la contribución que a su juicio pagó en exceso.

*Se declarará sin lugar la segunda moción de reconsideración en tanto en cuanto solicita la revocación de la sentencia dictada por el Tribunal Superior.*

El Juez Presidente Señor Negrón Fernández, junto a los Jueces Asociados Señores Belaval, Hernández Matos y Santana Becerra concurren en voto separado emitido por este último, concurriendo en el resultado por razones de derecho distintas a las que expone el Tribunal. El Juez Asociado Señor Belaval emitió además un voto por separado.

—O—

Opinión concurrente en el resultado, emitida por el Juez Asociado Señor Santana Becerra en la cual concurren el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Belaval y Hernández Matos.

San Juan, Puerto Rico, a 30 de noviembre de 1965

Concurro en que debe confirmarse la sentencia que declaró sin lugar la demanda, pero por razones de derecho distintas a las que expone el Tribunal.

En 12 de enero de 1950 el entonces Tesorero de Puerto Rico notificó a la Sucesión de Doña Carmen Massari Cintrón, de la cual formaba parte como legataria y heredera la recurrente Josefina Capó Sánchez de Lube, una deficiencia en la contribución sobre ingresos de la causante para el año 1946 en el monto de $21,394.85. Se basó la deficiencia en la ganancia que el Tesorero le atribuyó a Doña Carmen Massari Cintrón en la venta de un activo de capital.

Hecha la notificación final, la Sucesión no acudió a litigar la contribución ante el Tribunal de Contribuciones a tenor de

la Sec. 57 (a) de la Ley de Contribuciones sobre Ingresos de 1924, según enmendada.

De acuerdo con la Sec. 57 (b) el Tesorero procedió entonces a tasar e imponer la contribución el 14 de abril de 1950 por el monto, con los intereses, de $21,569.50.

Ya tasada e impuesta la contribución, la Sucesión pudo haber pagado la misma y solicitado su reintegro, de acuerdo con lo dispuesto en el Art. 2 (6) de la Ley Núm. 235 de 10 de mayo de 1949, y el Art. 2 de la Ley Núm. 328 de 13 de mayo de 1949. La Sucesión tampoco hizo esto.

Es indiscutible que ya fuera dentro del procedimiento de la Sec. 57 (a) de la Ley de Contribuciones sobre Ingresos o ya dentro del procedimiento de reintegro, la Sucesión y la aquí recurrente pudieron haber impugnado con todos los fundamentos de hecho y de derecho la contribución de deficiencia determinada por el Tesorero, incluyendo un ataque a la base que utilizó dicho funcionario para determinar la existencia de una ganancia capital.

Así las cosas, sin ocurrir litigación ni pago tampoco, el 16 de junio de 1953 el Estado Libre Asociado de Puerto Rico representado por el Gobernador acudió en juicio ordinario a la Sala de San Juan del Tribunal Superior en demanda contra la recurrente y el resto de la Sucesión de Doña Carmen Massari, Civil Núm. 10, para el cobro de la contribución tasada.

Con motivo de dicha demanda y en aseguramiento de sentencia, se embargó la cantidad de $1,986.94 de la Sucesión, y se embargó una renta vitalicia que correspondía a la recurrente. En su contestación al pleito civil número 10, la Sucesión levantó como defensas especiales (1) la nulidad de los procedimientos en cuanto a la notificación de la deficiencia, y (2) impugnó ésta en sus méritos alegando que el Tesorero había determinado arbitrariamente un valor básico mínimo de la propiedad vendida muy por debajo de su valor en el mercado en 1913, y porque teniendo la propiedad un valor de

$70,000 y habiéndose realizado la venta por $61,500 en lugar de ganancia resultaba una pérdida de $8,500, siendo inaceptable el valor de $36,661.96 fijado por el Tesorero.

El pleito civil número 10 se resolvió en sus méritos a base de hechos estipulados y de evidencia practicada en el juicio. La Sala resolvió todas las cuestiones planteadas y en litigio, incluyendo sobre la nulidad del procedimiento de notificación y el ataque a los méritos de la deficiencia y concluyó que no se había aducido evidencia para probar que la determinación del ingreso neto debía ser descartada. Dictó sentencia en 18 de marzo de 1955 sosteniendo la contribución tasada e impuesta. Esta sentencia no fue apelada y se convirtió en final y firme.

En 16 de octubre de 1958 la recurrente demandó al Secretario de Hacienda, Civil Núm. 58-5697, en reintegro de la contribución sobre ingresos mencionada, el pleito que es objeto del presente recurso. Alegó haber sido requerida en 9 de junio de 1955 por el Colector para el pago de la contribución envuelta y que en 16 de agosto siguiente abonó al recibo la cantidad de $20 y en esa misma fecha solicitó del Secretario de Hacienda le devolviera en reintegro, tanto esos $20 como cualesquiera otras sumas que con cargo a la contribución se hubieren cobrado hasta esa fecha o se cobraren. Dicha solicitud de reintegro, después de una vista administrativa, fue denegada por el Secretario de Hacienda por el fundamento de que la reclamación había sido resuelta anteriormente por el Tribunal y por tanto constituía cosa juzgada.

En este pleito 58-5697 las partes estipularon que la participación de la recurrente en la deficiencia de Doña Carmen Massari era de un 66.405%; que al radicarse la demanda se había abonado hasta $8,206.94 sin incluir retenciones del sueldo de la recurrente en la Universidad no remesadas al Secretario de Hacienda, ni $2,700 depositados en la Secretaría del Tribunal Superior. En 22 de agosto de 1960 la Sala sentenciadora dictó fallo en los méritos y se expresó así:

"4.—La contestación del demandado levanta las defensas especiales de cosa juzgada y falta de jurisdicción del tribunal. La primera está basada en que las controversias levantadas por la demanda, según quedaron aclaradas por la estipulación el día del juicio, quedaron definitivamente resueltas entre las partes a virtud de la sentencia dictada en el caso número 10 citado. La segunda está basada en que la demandante no puede litigar la legalidad de la deficiencia impugnada pagando solamente una parte de ella y solicitando su reintegro.

"5.—Señalado el caso en sus méritos, el mismo fue sometido mediante estipulación de hechos. De dicha estipulación surge que el demandado no le ha cobrado a la demandante otras contribuciones que las estrictamente determinadas en la sentencia recaída en el caso civil núm. 10 antes mencionado. Asimismo, surge de la referida estipulación que los abonos efectuados por la demandante ascienden a $10,906.64 y no a $17,583.88 como se alegaba. En la vista el demandado ofreció en evidencia el expediente completo del caso civil número 10 antes mencionado a los fines de plantear la cuestión de cosa juzgada en los méritos.

"Expuesto lo anterior el Tribunal llega a las siguientes conclusiones:

"1.—Eliminada por la referida estipulación lo concerniente a lo ocurrido después de la sentencia dictada en el citado caso número 10 resulta claro que lo que pretende litigar ahora la demandante es la legalidad de la deficiencia que ya fue adjudicada por la referida sentencia consentida por la demandante. Se trata de una situación de *cosa juzgada* que impide a la demandante plantear y al Tribunal resolver las mismas cuestiones ya adjudicadas por la referida sentencia. Bastaría esto para desestimar la acción."

Sobre el anterior pronunciamiento la Sala sentenciadora debería ser confirmada, y en este aspecto difiero del Tribunal. El Secretario de Hacienda negó el reintegro administrativamente a base de una cuestión de cosa juzgada y en esa forma se enfocó el problema ante la Sala de instancia y lo enfoca ahora el Tribunal.

No deja de ser un hecho el que la contribución de deficiencia fue sostenida judicialmente en el fallo del pleito civil número 10. Ahora, por razón de que la litigación con-

tributiva se rige por disposiciones de leyes especiales, en este caso esa adjudicación judicial creó una situación que iba mucho más lejos de lo que de ordinario llega la doctrina de cosa juzgada en la litigación corriente. Las razones que tengo para llegar a esta conclusión son las siguientes:

Dispone la Ley Núm. 232 de 10 de mayo de 1949, 13 L.P.R.A. (ed. 1962) sec. 261, que cuando algún contribuyente creyere "que ha pagado o que le ha sido cobrada ilegal o indebidamente, o en exceso de la cantidad debida, una contribución de cualquier clase", puede solicitar del Secretario de Hacienda el reintegro de dicha contribución sujeto a determinados requisitos que dispone dicha Ley. La Ley Núm. 235 de 10 de mayo de 1949, 13 L.P.R.A. (ed. 1962) sec. 282, estableció un procedimiento uniforme para recurrir ante el Tribunal de Contribuciones [hoy Superior] y dispone en su Art. 2 (6) con referencia al reintegro de contribuciones que se acudirá a dicho Tribunal "de una determinación del Secretario de Hacienda negándose a conceder el reintegro de cualquier contribución", radicando la demanda en dicho Tribunal en la forma ahí dispuesta.

En adición a lo expuesto, el Art. 2 de la Ley Núm. 328 de 13 de mayo de 1949 que creó el Tribunal de Contribuciones, le dio jurisdicción a dicho Tribunal para conocer . . . de reclamaciones de contribuciones "cobradas por un procedimiento ilegal, o que voluntariamente o sin notificación del Tesorero de Puerto Rico se hubieran pagado indebidamente o en exceso", cuyo reintegro autorizado por ley "haya sido rehusado por el Tesorero de Puerto Rico", y se dispone expresamente que la jurisdicción del Tribunal no puede invocarse "hasta que sobre el asunto en discusión haya recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la ley . . . . Y la Sec. 13 (a) de la Ley de la Judicatura de 1952 dispone que el Tribunal Superior conocerá de todo caso, etc., relacionado o que afecte . . . la imposición, cobro . . . de toda clase de

contribuciones . . . así como de reclamaciones de contribuciones "cobradas por un procedimiento ilegal o que . . . se hubieran pagado indebidamente o en exceso", cuyo reintegro autorizado por ley hubiera sido rehusado por el Secretario.

Por esas disposiciones de ley se verá que el problema no es sólo aquel corriente de cosa juzgada, sino además, uno más profundo de falta de jurisdicción sobre la materia por parte del Secretario en la esfera administrativa y falta también de jurisdicción sobre la materia del Tribunal de instancia y por ende, de este Tribunal en revisión. Ello es así porque la contribución cuyo reintegro se solicitó que motiva este expediente era una contribución que había sido judicialmente adjudicada por sentencia final, firme y ejecutoria de un Tribunal que actuó con jurisdicción. En otras palabras, después del fallo dado en el pleito civil número 10 en donde se sostuvo la procedencia y cobro de la contribución en disputa, ésta no era ya una contribución ilegal o indebida o en exceso de lo debido, y el Secretario de Hacienda carecía administrativamente de jurisdicción para conocer de una petición de reintegro en sus méritos según las disposiciones de ley arriba transcritas. Esa contribución, tal como fue adjudicada judicialmente en el pleito civil número 10 por sentencia final y firme eran dineros que correspondían al erario público del Pueblo de Puerto Rico; sólo procedía su ejecución y cobro, y ninguna facultad podía tener el Secretario de Hacienda para ordenar el reintegro de la misma bajo nuevos criterios administrativos a base de que era ilegal o en exceso o indebida.

Como la jurisdicción del Tribunal no puede invocarse ni usarse a menos que hubiera una determinación previa administrativa sobre el asunto, según se dispone por ley, resulta que el Tribunal en el pleito de reintegro carecía también de jurisdicción sobre la materia al igual que el Secretario, y sólo podía haber un pronunciamiento a este efecto. Por razón de los procedimientos especiales que rigen este tipo de litigios contributivos toda ulterior consideración

en cuanto a que estas contribuciones sostenidas por sentencia final fueran ilegales o indebidas o en exceso le estaba vedada al foro administrativo y en consecuencia también al foro judicial.

La Sala sentenciadora, no obstante haber dispuesto del caso en forma correcta, entró innecesariamente y sin jurisdicción a mi juicio, en otras consideraciones que envuelven la norma sentada en *Flora* v. *United States*, 357 U.S. 63; (en reconsideración) 362 U.S. 145. Este Tribunal decide el asunto también por la norma sentada en *Flora.*

En vista de que el discutido y controvertible caso de *Flora* como acertadamente apunta el Juez Sr. Belaval en su opinión no envuelve dictamen constitucional que nos obligue, sino que es una interpretación meramente estatutaria de leyes fiscales federales; en vista también de que la aplicación de *Flora* ha requerido por parte del Tribunal la revocación de jurisprudencia nuestra al mismo efecto que responde a una política pública de interés local; en vista de que a pesar de que la decisión de *Flora* se emitió y era de conocimiento desde el año 1958 nuestra Legislatura, que entiende anualmente en legislación fiscal no ha enmendado nuestras leyes para dejar sin efecto los casos de *Anglade* v. *Srio. de Hacienda,* 79 D.P.R. 834 (1957) y *Inter-American Orange Crush Co.* v. *Srio. Hacienda,* 81 D.P.R. 311 (1959) que ahora se revocan, y que ha habido una pronunciada norma local legislativa de permitir y facilitar el pago parcial de contribuciones sin que expresamente se haya impuesto el requisito de que deberán ser pagadas en su totalidad cuando se deseen litigar, me reservo todo criterio en cuanto a este aspecto del caso para ocasión en que sea inevitable afrontarlo.

Entiendo que debe confirmarse la sentencia recurrida a base de cosa juzgada y además de falta de jurisdicción sobre la materia tanto en la esfera administrativa como en la esfera posterior judicial, porque después que la contribución fue sostenida en el pleito civil número 10 por sentencia final

y firme a favor del Pueblo de Puerto Rico, ésta dejó de ser una contribución ilegal o indebida, o en exceso de lo debido, únicos casos en que el Estado permite gestionar y litigar un reintegro.

Por supuesto, si en la ejecución de la sentencia del pleito número 10 se cobraran más cantidades que las sostenidas por la sentencia, la recurrente tiene un remedio y dentro del procedimiento de ejecución o de otra manera. Esta no es la situación aquí según concluyó la Sala sentenciadora y este Tribunal, ya que a ella no le han cobrado todo lo que su participación demanda.

Por estas consideraciones, y no por otras, soy de opinión que la sentencia recurrida que desestimó la demanda debe confirmarse.

—o—

Opinión separada del Juez Asociado Señor Belaval concurriendo con la opinión del Juez Asociado Señor Santana Becerra.

San Juan, Puerto Rico, a 30 de noviembre de 1965

Concurro con la exposición de hechos y la doctrina de cosa juzgada que contiene la opinión del Juez Asociado Sr. Santana Becerra. Si se tratara de un reintegro, o de una acción civil que participara de la naturaleza de un reintegro, no estoy conforme con el principio que establece la opinión de la mayoría, en el sentido, que por no haberse pagado la totalidad de la contribución sobre ingresos, la demandante recurrente no tiene derecho a recobrar cualquiera contribución que haya pagado indebidamente.

De acuerdo con los hechos destacados en la propia opinión de mayoría la demandante recurrente adeudaba la cantidad de $14,207.25 de la cual había pagado $10,906.94 en distintos plazos. De acuerdo con nuestra jurisprudencia anterior cuando se hubiera pagado la contribución en determinados plazos o tal situación surgiera de la forma como se hubiese realizado

el apremio, el contribuyente no tenía que satisfacer la totalidad de los plazos antes de solicitar el reintegro de aquella porción que creía haber pagado en exceso de la cantidad debida o que le había sido cobrada ilegalmente. *Anglade* v. *Secretario de Hacienda*, 79 D.P.R. 834 (Belaval) (1957) cita precisa a la pág. 838; *Inter-American Orange Crush Co.* v. *Srio. Hacienda*, 81 D.P.R. 311 (Per Curiam) (1959) cita precisa a la pág. 313.

Para revocar nuestra anterior jurisprudencia el Tribunal se basa en el caso de *Flora* v. *United States*, 357 U.S. 63 (Warren) (1958) cita precisa a las págs. 66 y 72–75. El caso de *Flora* es una interpretación de la intención legislativa de ciertas leyes fiscales de los Estados Unidos que cubren desde el estatuto de reintegro de 1866 hasta el establecimiento de la Junta de Apelaciones Contributivas del 1924, y no contiene doctrina constitucional alguna que mereciera nuestra especial deferencia. El Juez Whittaker disintió de la opinión de la mayoría. Notamos que en nuestra opinión no se da cuenta de la segunda consideración del caso de *Flora* v. *United States* (en reconsideración), 362 U.S. 145 (Warren) (1960) cita precisa a las págs. 178–198 en la cual disintieron de la regla de la mayoría los Jueces Asociados Whittaker, Frankfurter, Harlan y Stewart, quedando la mayoría de 5–4 compuesta únicamente por los Jueces Warren, Black, Douglas, Clark y Brennan.

En la primera decisión a la pág. 75 el Juez Presidente Warren, al contestar el argumento de que el remedio del pago parcial se había autorizado en beneficio del contribuyente pobre, dice así: "Se ha sugerido que el remedio de pago parcial se necesita a fin de beneficiar a un contribuyente demasiado pobre para pagar la cantidad total de la contribución. Dicho contribuyente está en libertad de litigar en la Corte de Contribuciones sin ningún pago anticipado. Cuando el término para solicitar algún remedio de dicha Corte haya expirado, o cuando por cualquier otra razón, una reclamación

en la Corte de Distrito pueda ser más conveniente, el requisito previo del pago total en algunas ocasiones puede crear una injusticia. Pero como esta injusticia parece surgir de una opinión nuestra cuyo efecto el Congreso en revisiones estatutarias sucesivas no ha hecho ningún intento de alterar, si algún alivio se requiere, es una cuestión para el Congreso y no para este Tribunal."

Tales o parecidas palabras fueron las que movieron el ánimo justiciero de nuestra Asamblea Legislativa porque al adoptarse la Ley de Contribución sobre Ingresos de 1954 —Sec. 272 (b) (3)— se estableció el siguiente remedio para pagos parciales de deficiencias: "En el caso de un contribuyente que apelare de la sentencia del Tribunal Superior determinando una deficiencia y no pudiere cumplir con el requisito del pago de la deficiencia, o sólo pudiere pagar parte de la deficiencia, el Tribunal Superior podrá ordenar siempre que la apelación envuelva una cuestión sustancial y con sujeción a lo que más adelante se dispone, que la apelación siga su curso hasta la disposición final de la misma en los méritos sin el pago total de dicha deficiencia. En tal caso el contribuyente radicará con su escrito de apelación en el Tribunal Superior una petición fundada, exponiendo las razones por las cuales no puede pagar la deficiencia en todo o en parte y los fundamentos en que se basa para sostener que la apelación envuelve una cuestión sustancial. Si el Tribunal Superior determinare que el contribuyente no puede pagar la deficiencia o que sólo puede pagar parte de la misma, y que la apelación envuelve una cuestión sustancial, ordenará en lugar del pago total, según sea el caso: (a) que la apelación siga su curso bajo la fianza prestada para acudir al Tribunal Superior si ésta fuere suficiente para responder de la deficiencia que en definitiva se determine y sus intereses; o (b) que el contribuyente preste una nueva fianza, a satisfacción del Tribunal, en cantidad suficiente, para responder de la deficiencia y sus intereses por un período razonable; o (c) que el con-

tribuyente pague parte de la deficiencia y la parte no pagada se afiance en cualquiera de las formas anteriormente provistas en los incisos (a) y (b). En el caso de un contribuyente que hubiere sido exonerado de prestar fianza para litigar la deficiencia en el Tribunal Superior y que demostrare que no puede pagar la contribución, ni prestar fianza, si la apelación envuelve una cuestión sustancial, el Tribunal Superior dispondrá que la *apelación* siga su curso hasta la disposición final de la misma en los méritos sin requisito alguno de pago o de prestación de fianza." Vide Vol. IV Tomo IV *Diario de Sesiones* (1954) págs. 2151–2153 en donde se especifica que:

"Entre las disposiciones de alivio a los ciudadanos incluyendo las familias pobres y las familias de la clase media, y propietarios de negocios pequeños conviene señalar . . . .

"Las disposiciones de índole procesal, tanto para el *cobro* como para la *ventilación de controversias* bajo la Ley de Contribuciones Sobre Ingresos incluyen: . . . .

"Disposiciones que permiten litigar la contribución en el Tribunal Superior sin prestación de fianza o mediante la prestación de una fianza menor que la fijada por el Secretario de Hacienda, y disposiciones que permiten apelar al Tribunal Supremo sin el pago total, o mediante el pago de sólo parte, de la contribución con la prestación de fianza, y en ciertos casos, sin el pago y sin fianza.

"Estas disposiciones constituyen un verdadero paso de avance sobre la legislación vigente, y evitan que un contribuyente no pueda disponer de un foro donde impugnar la *validez* o *corrección* de la contribución que se le impone, tanto en primera instancia como en apelación, por razones ajenas a la *validez* o *corrección* intrínseca de la imposición, como pueden ser la imposibilidad, en determinado momento, de prestar una fianza, o de efectuar el pago de la contribución."

Es indudable que una disposición como ésta no existía en la Ley federal cuando se falla el caso de *Flora*: vide Ley Federal de Rentas Internas del 28 de mayo de 1938—26 U.S.C.A. sec. 272 (págs. 1102–1105).

No es este el caso más apropiado para fijar en forma definitiva, si la Sec. 272(b)(3) de la Ley de Contribución sobre Ingresos de 1954, se aplica sólo al caso especial de reintegro, tal como el mismo se establece dentro del procedimiento contributivo especial, o si incluye cualquier "cobro" o "ventilación de controversia" sobre la "validez" o "corrección" de la contribución que se impone, según los nuevos conceptos incluidos en el historial legislativo de la Sec. 272(b)(3).

Por tratarse de una cuestión en alguna forma relacionada con el derecho de apelación, la ley que rige dicho derecho es la que está en vigor al momento de dictarse la sentencia. En el caso de *Anglade*—un caso que cubre deficiencias correspondientes a los años contributivos 1941–1944—la sentencia fue dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, el 12 de febrero de 1954 y confirmada por este Tribunal el 19 de marzo de 1957, o sea, antes de dictarse la primera opinión en el caso de *Flora* el 16 de junio de 1958. Al momento de fallar el caso de *Anglade,* podíamos escoger cualquiera o rechazar todas las persuaciones de la jurisprudencia norteamericana para establecer nuestra propia regla. En el caso de *Orange Crush*—un caso que cubre deficiencias correspondientes a los años contributivos 1947–1949—la sentencia fue dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, el 18 de junio de 1954 y revocada por este Tribunal el 30 de abril de 1959, o sea después de dictarse la primera decisión en el caso de *Flora*, pero, como se concedió reconsideración, la segunda decisión reafirmando la anterior 5 a 4 no se emite hasta el 21 de marzo de 1960, o sea, después de nuestro fallo en el caso de *Orange Crush.*

Lo correcto hubiera sido resolver que hasta el 29 de junio de 1954, fecha en que empieza a regir nuestra Ley de Contribuciones sobre Ingresos de 1954, cualquier apelación contra una sentencia anterior en una acción típica de reintegro, o una acción civil que participe de la naturaleza de una acción de

reintegro, cuando se tratara de una contribución pagada en determinados plazos o tal situación surgiera de la forma como se hubiese realizado el apremio, se regiría por nuestras decisiones en los casos de *Anglade* y *Orange Crush* que permiten dicha apelación sin pago de la totalidad de la contribución impuesta y después del 29 de junio de 1954, se regiría por la Sec. 272 (b) (3) de nuestra Ley de Contribuciones sobre Ingresos de 1954, que permite tal apelación en aquellos casos en que el contribuyente pruebe que no puede pagar la totalidad de la contribución o no puede afianzar la totalidad de la misma.